**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ORLANDO ROSALES SALMERON and JOHN DOE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID J. VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS D. CHARLES, in his official capacity as Executive Associate Director for Enforcement and Removal Operations; MATTHEW ELLISTON, in his official capacity as Field Office Director, ICE Enforcement and Removal Operations, Miami Field Office; RODNEY SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION,

Defendants.

Case No. 1:26-cv-26911

**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER AND PROVISIONAL CLASS CERTIFICATION**

THIS CAUSE is before the Court on Plaintiffs' Expedited Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. [__] (the "Motion"). The Court has reviewed the Motion, the supporting declarations and exhibits, [Defendants' response, ECF No. [__],] the arguments of counsel at the hearing held on [date], and the record, and is otherwise fully advised. For the reasons below, the Motion is **GRANTED IN PART**: The Court provisionally certifies a class and enters a temporary restraining order. The request for a preliminary injunction remains pending.

## I. PROVISIONAL CLASS CERTIFICATION

For purposes of interim relief, the Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) are satisfied. The class is so numerous that joinder is impracticable, and its membership changes daily. Plaintiffs challenge facility-wide practices that present questions of law and fact common to the class. The named Plaintiffs' claims are typical of the class, and Plaintiffs and their counsel will fairly and adequately protect the interests of the class. Defendants' challenged practices apply generally to the class, so that injunctive relief is appropriate respecting the class as a whole. Because the class is inherently transitory, the claims of its members relate back to the filing of the complaint. The Court therefore **PROVISIONALLY CERTIFIES** the following class (the "Class"):

> All persons who are now detained, or will in the future be detained, in civil immigration custody at the Miramar Facility located at 2805 SW 145th Avenue, Miramar, Florida 33027.

As used in this Order, "Miramar" means the U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations sub-field office at 2805 SW 145th Avenue, Miramar, Florida 33027, including its holding rooms, hallways, offices, sally port, garage, and any other area in which people are held. Under Rule 23(g), the Court provisionally appoints Plaintiffs' counsel of record from the Southern Poverty Law Center and Americans for Immigrant Justice as class counsel.

## II. FINDINGS

The Court makes the following findings under Federal Rule of Civil Procedure 65(d)(1)(A). These findings are preliminary and are made only for purposes of this Order.

1. **Likelihood of success.** Plaintiffs have shown a substantial likelihood of success on their claims that the conditions of confinement at Miramar violate the Due Process Clause of the Fifth Amendment and that Defendants' restrictions on access to counsel violate the First and Fifth Amendments. The record shows that Miramar was designed for administrative processing and short-term holding; that Defendants hold people there for days and sometimes weeks, contrary to

ICE Directive 11087.2's twelve-hour limit; that people are confined in rooms affording roughly two to five square feet per person, with no beds, constant lighting, and toilets in open view of others and of surveillance cameras; that they are denied adequate food, drinking water, hygiene items, and showers; that no medical screening or on-site medical care is provided; and that they cannot communicate confidentially with counsel. These conditions are not reasonably related to a legitimate governmental objective or are excessive in relation to any such objective, and the record shows that Defendants know of them.

2. **Irreparable harm.** Absent relief, Plaintiffs and class members will suffer irreparable harm, including the deprivation of constitutional rights, sleep deprivation, dehydration, untreated medical conditions, and the loss of the ability to consult counsel before decisions about their immigration cases are made or prior to transferal or removal. These harms cannot be remedied by later relief.

3. **Balance of equities and public interest.** The threatened injury to Plaintiffs and the Class outweighs any harm to Defendants, who have no legitimate interest in maintaining unconstitutional conditions of confinement. This Order does not prevent Defendants from arresting, processing, or detaining any person in a facility suited to that purpose. Public interest is served by preventing violations of constitutional rights.

4. **Security.** Because this Order requires Defendants to comply with constitutional requirements and their own standards and is unlikely to cause them compensable harm, and because Plaintiffs and class members are detained and unable to work, no security is required under Rule 65(c).

## III. TEMPORARY RESTRAINING ORDER

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants; their officers, agents, servants, employees, and attorneys; and all other persons in active concert or participation with any of them who receive actual notice of this Order shall, effective immediately except where this Order states otherwise:

1. Cease holding any person in immigration detention at Miramar beyond twelve hours;

2. Ensure that every person has adequate space to sit and to lie down outside any toilet area; provide every person held overnight a clean sleeping mat and blanket; dim the lights overnight sufficiently to permit sleep; and maintain safe and comfortable temperatures through cooling and ventilation adequate to the number of people held;

3. Provide nutritionally adequate meals no less than three times per day at intervals of no more than six hours, and potable drinking water at all times without interruption;

4. Clean each hold room and its restrooms at least three times per day; provide, free and promptly upon request, soap, towels, toilet paper, oral-hygiene products, clean clothing, and feminine-hygiene products; and provide daily access to showers;

5. Within [seven] days of this Order, install privacy partitions on all toilets; reorient, mask, or disable camera surveillance of toilet use; and locate toilets apart from sleeping and eating areas;

6. Provide medical screening by licensed medical personnel upon arrival; within [seventy-two hours] of this Order, provide licensed medical staffing on site whenever people are held; provide emergency response and outside referral when indicated; and provide prompt access to prescribed medication;

7. Permit confidential in-person legal visitation seven days per week, for at least eight hours per day on regular business days and four hours per day on weekends and holidays; provide means for confidential, unmonitored, unrecorded, free calls to current or prospective counsel, without categorical time limits, within three hours of arrival or sooner if transfer, removal, questioning, or presentation of an immigration-related document is expected before that period expires; and provide a reasonable opportunity for a confidential legal call during each subsequent twelve-hour period of confinement;

8. Permit current or prospective counsel to request and schedule confidential calls promptly and, for requests made during business hours, within three hours; maintain a staffed,

publicly posted telephone number through which attorneys can confirm whether a person is confined at Miramar and arrange communication; and provide sufficient dedicated telephones and private calling locations to accommodate confidential legal calls;

9. Accurately update each person's location in ICE's Online Detainee Locator System within three hours of arrival or departure from Miramar; and provide prompt written and oral notice of this Order and of attorney-contact procedures, with a list of legal-service providers, in a language the person understands and with interpretation or other assistance for people with limited English proficiency, communication disabilities, or limited literacy;

10. Refrain from retaliating against any Plaintiff, Class member, declarant, or witness for participating in this action;

## IV. DURATION AND FURTHER PROCEEDINGS

This Order takes effect upon entry and shall remain in effect for fourteen days, through [date], unless extended by the Court for good cause or by consent of the parties. Defendants shall file any response to the request for a preliminary injunction by [date], and Plaintiffs may reply by [date]. The Court will hold an evidentiary hearing on the request for a preliminary injunction on [date], at [time], in [courtroom and courthouse]. The Court retains jurisdiction to enforce and modify this Order.

**IT IS SO ORDERED** in Chambers at Miami, Florida, on October [__], 2026.

_______________________________
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record