**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ORLANDO ROSALES SALMERON and JOHN DOE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID J. VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS D. CHARLES, in his official capacity as Executive Associate Director for Enforcement and Removal Operations; MATTHEW ELLISTON, in his official capacity as Field Office Director, ICE Enforcement and Removal Operations, Miami Field Office; RODNEY SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION,

Defendants.

**Case No. 1:26-cv-26911**

**MOTION FOR LEAVE FOR PLAINTIFF TO PROCEED UNDER PSEUDONYM**

Plaintiffs respectfully move this Court for an order permitting Plaintiff John Doe to proceed under pseudonym due to the sensitive nature of the claims in this case and his reasonable fear of retaliation by U.S. Immigration and Customs Enforcement ("ICE"). Plaintiffs seek relief from this Court on behalf of themselves and class members for Defendants' violation of their rights under the Fifth Amendment, the First Amendment, and the Administrative Procedure Act at the ICE Enforcement and Removal Operations ("ERO") location at 2805 SW 145th Avenue, Miramar,

Florida 33027 ("Miramar"). Participating in this case exposes Plaintiffs, putative class members, and witnesses to retaliation by ICE and by members of the public, and revealing Mr. Doe's identity will expose him to danger both in the United States and in his country of origin.

Mr. Doe is neither a U.S. citizen nor a lawful permanent resident, and he fears public disclosure of his sensitive, private information. Therefore, Plaintiffs request that the Court allow him to proceed as "John Doe." Mr. Doe further requests that the Court permit him to file any pleadings, motions, briefs, and exhibits without personally identifiable information, including name, age, date of birth, alien registration number, and any other information that could allow ICE or the general public to identify him.

## I. FACTUAL BACKGROUND

Plaintiff John Doe is a noncitizen previously detained at Miramar, and he remains in immigration detention. Mr. Doe is neither a U.S. citizen nor a lawful permanent resident, and he is in removal proceedings. He has hired counsel and plans to pursue all legal options available to him to remain with his family in the United States. Revealing his identity publicly could negatively impact his case, expose him to retaliation, and heighten the danger he faces in his country of origin.

Mr. Doe has no criminal history and had never been arrested or detained previously. ICE officers detained him on his way home from work. He wants to proceed anonymously because he is afraid of ICE, particularly given that he remains in ICE custody, and fears retaliation and physical harm. In addition, he fears social stigma and harassment due to his immigration status if his identity is revealed. He is also concerned that public identification would harm his family.

## II. LEGAL STANDARD

The Eleventh Circuit has long recognized an exception to Federal Rule of Civil Procedure 10(a)'s requirement that a complaint "name all the parties," permitting plaintiffs to proceed

anonymously when "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (*per curiam*) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). The question of whether a party's right to privacy outweighs the openness of judicial proceedings is based on a totality-of-the-circumstances test. *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020). The first step in this analysis is for courts to consider three initial factors: (1) whether the party seeking to proceed anonymously is challenging government activity, (2) whether the party would be compelled, absent anonymity, to disclose information of utmost intimacy, or (3) whether the party would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and risk criminal prosecution. *Id.* at 1247. This three-factor inquiry is the first step, and then courts should also consider "*all* the circumstances of a given case" to determine whether a plaintiff's privacy concerns outweigh the general requirement of disclosure. *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (quoting *Frank*, 951 F.2d at 323) (emphasis in original).

Of particular importance for this case, courts also consider factors such as a plaintiff's personal circumstances, whether they would face threats of violence or physical harm if proceeding publicly, and whether proceeding anonymously would pose "a unique threat of fundamental unfairness to the defendant." *Id*. Overall, courts also weigh the interest of the public in judicial openness against the factors supporting proceeding anonymously. As plaintiffs and witnesses in immigration cases face intimidation and retaliation and often fear returning to their home countries, courts often grant requests for anonymity in immigration cases, including cases challenging immigration laws and government action related to immigration as in this case. Accordingly, the Eleventh Circuit has recognized the inherent issues with naming parties in

immigration-related cases and explained why courts allow parties to proceed anonymously in such cases. *See, e.g.*, *Hisp. Int. Coal. of Alabama v. Governor of Alabama*, 691 F.3d 1236, 1247 (11th Cir. 2012) (noting that revealing immigration status could expose plaintiffs to criminal prosecution, harassment, and intimidation, and collecting cases in which courts protected the disclosure of plaintiffs' immigration status).

For these reasons, numerous courts have analyzed the relevant factors outlined in *In re Chiquita Brands* and *Plaintiff B* and allowed noncitizen parties to proceed anonymously in immigration-related cases. *See, e.g.*, *C.M. v. Noem*, No. 1:25-cv-23182, ECF No. 15 (S.D. Fla. July 18, 2025) (court permitted noncitizen plaintiffs challenging lack of access to counsel at "Alligator Alcatraz" to proceed by pseudonym); *A.B. v. United States Dep't of Homeland Sec.*, No. 23-CV-23554, 2023 WL 6160838 (S.D. Fla. Sept. 21, 2023) (granting motion to proceed anonymously to Haitian asylum applicant challenging government inactivity on his asylum case); *Oldaker v. Giles*, No. 7:20-CV-00224 (WLS), 2021 WL 3412551 (M.D. Ga. Aug. 4, 2021) (granting motion for noncitizen petitioners to proceed by pseudonym when challenging government misconduct at immigration detention center).

## III. ARGUMENT

In this case, Mr. Doe's substantial privacy interest in proceeding under a pseudonym outweighs the presumption of judicial openness according to the factors articulated in *In re Chiquita Brands* and *Plaintiff B*. The relevant factors each weigh in Mr. Doe's favor, particularly given the current climate of fear among immigrant communities fueled by anti-immigrant rhetoric at the highest levels of government and increasingly aggressive and often violent immigration enforcement practices: (1) Mr. Doe is challenging government activity; (2) without anonymity, Mr. Doe would be compelled to disclose information of utmost intimacy, including highly sensitive

and personal information about his immigration status, medical information, and private information about conditions he experienced at Miramar; (3) Mr. Doe could face threats of violence or physical harm if forced to reveal his identity; (4) Mr. Doe's request to proceed by pseudonym poses no threat of fundamental unfairness to Defendants; and (5) protecting his identity will not impair public understanding of the issues in this case, as the public will have access to the full facts surrounding this case.[1]

**A. Mr. Doe Is Challenging Government Activity.**

Mr. Doe is challenging government activity while remaining in ICE's custody and has sued all the Defendants in their official capacity, which weighs heavily in his favor when balancing his privacy interest against judicial openness. Specifically, Mr. Doe asserts claims under the Fifth Amendment, the First Amendment, and the Administrative Procedure Act, challenging the deplorable conditions at Miramar, the lack of meaningful access to counsel, and the practice of coercing people to sign voluntary departure forms without counsel.

This factor therefore weighs in favor of anonymity, consistent with decisions in similar cases. *See, e.g.*, *S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trs.*, 823 F. App'x 862, 864, 868 (11th Cir. 2020) (agreeing with district court's finding that plaintiff's action against a public Florida university was challenging government activity and therefore this factor weighed in favor of granting anonymity); *C.M. v. Noem*, No. 1:25-cv-23182, ECF No. 15 (S.D. Fla. July 18, 2025) (finding plaintiffs in immigration detention challenging government conduct established "substantial privacy right in proceeding under pseudonyms . . . given that they face the potential of substantial harm in the United States and in their countries of origin from attaching their names to these proceedings" and granting request to proceed using pseudonyms); *Oldaker*, 2021 WL

[1] The third initial factor—whether the party would be compelled to admit an intent to engage in illegal conduct and risk criminal prosecution—does not apply here.

3412551, at *2 (permitting individuals in immigration detention to proceed anonymously where the litigation revealed information of the utmost intimacy and plaintiffs were "challenging government misconduct").

**B. The Risk of Disclosing Mr. Doe's Personal, Intimate Information Necessary for This Case Supports Him Proceeding Under Pseudonym.**

Mr. Doe challenges the abhorrent conditions at Miramar, lack of access to counsel, and coercion all while remaining detained by the very agency perpetrating these harms. ICE maintains control over his detention and pertinent decisions about his treatment while detained in ICE facilities. Because Mr. Doe remains in immigration detention and in active removal proceedings pursuing all available relief options, denying this request could force him to reveal information "of the utmost intimacy" that could negatively impact his immigration case. Mr. Doe should not be forced to reveal information as part of this case that could undermine his legal strategy in his immigration case for which he has retained counsel.

**C. Mr. Doe Faces Threats of Harassment, Intimidation, Danger, And Physical Harm If He Proceeds Under His Own Name.**

After the initial three-step test, the Eleventh Circuit has held that courts should review the totality of the circumstances when determining whether a party can proceed anonymously, including weighing threats of violence and physical harm if plaintiffs proceed in their own names. *See Plaintiff B*, 631 F.3d at 1316 (stating that after the three-step test, courts assess whether plaintiffs were threatened with violence or physical harm); *In re Chiquita Brands*, 965 F.3d at 1247 (reaffirming that courts consider whether parties face threat of physical harm absent anonymity). Social stigma, harassment, and fear that could result from a plaintiff's disclosure related to a highly politicized issue can also support proceeding anonymously, as courts have noted in several other contexts. *See, e.g.*, *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001)

(against backdrop of intense political debate around abortion and "campaign of violence [that] has lead to death, injury, harassment, fear, and thousands of arrests all across the nation," plaintiff who had abortion granted leave to proceed anonymously) (internal citation omitted); *Frank*, 951 F.2d at 324 (collecting cases where courts have permitted plaintiffs to proceed anonymously due to social stigma attached to their disclosure, including in cases involving mental illness, sexual orientation, and gender identity); *Doe v. Ladapo*, 676 F. Supp. 3d 1205 (N.D. Fla. 2023) (plaintiffs challenging Florida law prohibiting transgender minors from receiving puberty blockers proceeded under pseudonym).

Here, similar to courts protecting plaintiffs' identities related to other highly politicized issues, the Court should consider Mr. Doe's request against the backdrop of an increasingly contentious immigration climate marked by heightened governmental and public hostility toward immigrants. The risk of public targeting is not speculative and is already evident in this case. While Plaintiff Orlando Rosales Salmeron was detained at Miramar, ICE's Miami ERO field office published his full name and photograph on its official X account and labeled him a "criminal illegal alien," highlighting a decades-old criminal conviction.[2] Since then, his family has received calls from people asking about the post, causing them embarrassment and unwanted scrutiny. ICE's decision to publicly vilify one plaintiff in this case shows that identifying Mr. Doe would expose him and his family to the same harassment, stigma, and embarrassment.

The disclosure of Mr. Doe's identity could also expose him to harassment, intimidation, threats, and violence. *See C.M. v. Noem*, No. 1:25-cv-23182, ECF No. 15 (S.D. Fla. July 18, 2025) (finding plaintiffs in current immigration climate who "face the potential of substantial harm in the United States" had established substantial privacy right in proceeding by pseudonym).

[2] ICE Miami (@EROMiami), *X* (Oct. 1, 2026, 1:39 PM), https://x.com/EROMiami/status/2105653924720161262.

The risk extends beyond this case. ICE routinely publicizes the names and images of people it arrests in Florida and labels them "criminal illegal aliens."[3] Retaliation also takes the form of criminal prosecution: In May 2026, a federal court dismissed an indictment of Kilmar Abrego Garcia as vindictive, concluding that "absent Abrego's successful lawsuit challenging his removal to El Salvador, the Government would not have brought this prosecution." *United States v. Abrego Garcia*, 833 F. Supp. 3d 811, 836 (M.D. Tenn. 2026). Indeed, in recent months, ICE has openly warned people that they will face prosecution for criticizing ICE. *See Streever v. Mullin*, No. CV 26-2356 (RC), 2026 WL 2720475, at *1 (D.D.C. Sept. 15, 2026) (finding a plaintiff likely to prevail on the merits of his claim that ICE violated his First Amendment rights by threatening prosecution in response to the plaintiff's criticism of ICE). In June 2026, members of Congress demanded an investigation into reports that people detained at the Adelanto ICE Processing Facility in California who had joined a hunger strike and met with congressional visitors were then "harassed, placed unjustly in solitary confinement, and subject to expedited deportation."[4]

Courts adjudicating challenges to ICE hold-room conditions like those at Miramar have treated the risk of retaliation as real enough to enjoin it. *See Barco Mercado v. Mullin*, No. 25-CV-6568 (LAK), 2026 WL 2874458, at *25 (S.D.N.Y. Sept. 24, 2026) (describing temporary restraining order that "prohibited defendants from retaliating in any manner against plaintiff"); *D.N.N. v. Liggins*, 822 F. Supp. 3d 543, 598 n.40 (D. Md. 2026) (including non-retaliation provision "[b]ased on the record before it"); *Pablo Sequen v. Albarran*, 810 F. Supp. 3d 1084, 1135

---

[3] *See, e.g.*, U.S. Immigr. & Customs Enf't, *500 Illegal Aliens Arrested During Weeklong, Multiagency Immigration Enforcement Surge Operations in Southwest Florida* (Sept. 9, 2026), https://www.ice.gov/news/releases/500-illegal-aliens-arrested-during-weeklong-multiagency-immigration-enforcement-surge.

[4] Press Release, Rep. Pete Aguilar, *Reps. Aguilar, Chu and Gomez Demand Investigation into Reports of Retaliation Against Detainees at Adelanto ICE Processing Facility* (June 18, 2026), https://aguilar.house.gov/2026/06/18/reps-aguilar-chu-and-gomez-demand-investigation-into-reports-of-retaliation-against-detainees-at-adelanto-ice-processing-facility/.

(N.D. Cal. 2025) (ordering that defendants "not retaliate in any manner against a Detention Class member for complaining about any alleged violation of this order").

In sum, Mr. Doe remains in the custody of the agency he is suing, at a time when the government has used prosecution and threats of prosecution against people who sue it or criticize ICE. Given his ongoing detention and pending removal proceedings, Mr. Doe reasonably fears harm if his identity is disclosed.

### D. Plaintiff's Anonymity Would Pose No Threat of Fundamental Unfairness to Defendants.

After considering the above factors related to plaintiffs and their interest in remaining anonymous, courts also look at whether there is a risk of fundamental unfairness to defendants if a plaintiff proceeds anonymously. In this case, Defendants are government officials sued in their official capacities, and allowing Mr. Doe to proceed under a pseudonym would pose no threat of fundamental unfairness to them. To the extent Defendants' counsel need Mr. Doe's identity to respond to his individual claims, Plaintiffs will confer with them regarding an appropriate protective order.

### E. Protecting Plaintiff's Identity Will Not Impair Public Understanding of the Issues in This Case.

In addition to the factors above that all weigh in favor of protecting Plaintiff's identity, the Court should also consider that his request will not impact public understanding of this case, which relates solely to the conditions of confinement at Miramar. While Mr. Doe has a vested interest in confidentiality and proceeding anonymously, the public does not have a specific interest in knowing Mr. Doe's identity when the public will otherwise have complete information about the case. *See Doe v. Wantong Int'l, Inc.*, No. 6:25-CV-179-PGB-DCI, 2025 WL 712762, at *2 (M.D. Fla. Mar. 5, 2025) (granting motion to proceed anonymously while noting that the proceedings

would otherwise "remain open to the public"); *see also Doe v. CoreCivic, Inc.*, No. 4:20-CV-01828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) (finding public interest weighed in favor of anonymity when "most of the pertinent facts [are] made on the public record" and the only non-public aspect "is [Plaintiff's] actual identity").

Here, the public will have access to filings without factual redaction and proceedings in the case, and Mr. Doe using a pseudonym will not hinder the public's right to information about the facts and legal questions at issue. With the proceedings otherwise open to the public and all other case information public, this factor weighs in favor of granting Mr. Doe's motion to proceed by pseudonym. As such, the overall public interest weighs in favor of granting Plaintiff's motion.

## IV. CONCLUSION

For the foregoing reasons, Mr. Doe should be permitted to proceed under the proposed pseudonym "John Doe." In addition, Mr. Doe asks that the Court permit him to file any pleadings, motions, briefs, and exhibits without personally identifiable information, including name, age, date of birth, alien registration number, and any other information that could allow ICE or the general public to identify him.

## CERTIFICATE OF CONFERRAL

Counsel for Mr. Doe have made reasonable efforts to confer with counsel for Defendants in a good faith effort to resolve the issues raised in this motion and to ascertain Defendants' position. On October 5, 2026 at 5:16 p.m., counsel for Mr. Doe sent an email asking for the Defendants' position on the motion and offering to discuss. The following day, Defendants' assigned Assistant U.S. Attorney ("AUSA") asked for time to discuss with Defendants. Counsel for Mr. Doe agreed. After waiting a week with no response from the AUSA, counsel for Mr. Doe emailed the AUSA again on October 14, 2026 at 1:39 p.m. The AUSA asked for details regarding the basis of this motion, which counsel for Mr. Doe immediately provided. The AUSA requested

a copy of the motion prior to giving the Defendants' position. Counsel for Mr. Doe and the AUSA spoke over the phone on October 14, 2026 around 3:00 p.m., but the AUSA again declined to state Defendants' position. As of filing, the AUSA has not provided Defendants' position on the motion.

Date: October 15, 2026

Respectfully submitted,

*/s/ Paul R. Chavez*
**Paul R. Chavez** (FL Bar No. 1021395)
pchavez@aijustice.org
**Jennifer Smith** (FL Bar No. 964514)
jsmith@aijustice.org
AMERICANS FOR IMMIGRANT JUSTICE
P.O. Box No 520037
2200 NW 72nd Ave.
Miami, FL 33152
Phone: 305-573-1106

*Attorneys for Plaintiffs*

*/s/ Anne Janet Anderson*
**Anne Janet Anderson** (FL Bar No. 18092)
annejanet.hernandez@splcenter.org
**Maite Garcia** (FL Bar No. 99770)
maite.garcia@splcenter.org
**Andrew Udelsman** (FL Bar No. 1051696)
andrew.udelsman@splcenter.org
**Jeanette Ynfante** (*pro hac vice*)
jeanette.ynfante@splcenter.org
**Courtney O'Donnell** (*pro hac vice*)
courtney.odonnell@splcenter.org
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
Phone: 305-537-0589

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on October 15, 2026, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing will be timely emailed to kayla.rodriguez@usdoj.gov, the attorney whom Defendants have indicated is representing them in this case.

*/s/ Andrew Udelsman*
Andrew Udelsman