**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ORLANDO ROSALES SALMERON, et. al.,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Secuirty, et. al.,

*Defendants*.

Civil Action No. 1:26-cv-26911-BB

Judge Beth Bloom

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION TO CERTIFY CLASS**

Defendants, by and through undersigned counsel, respectfully move this Court pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 7.1 for an extension of time to file a response in opposition to Plaintiffs' Motion to Certify Class (ECF No. 9). Specifically, Defendants request that the response deadline be set for 21 days after the Court resolves Plaintiffs' pending motions to proceed by pseudonym (ECF Nos. 18–19). In support, Defendants state as follows:

## I. Procedural Background

**1.** Plaintiffs filed this action on October 2, 2026. ECF No. 1.

**2.** On October 6, 2026, Plaintiffs filed a Motion to Certify Class. ECF No. 9. The docket reflects a response deadline of October 20, 2026.

**3.** Summonses were issued on October 9 and October 13, 2026. As of the filing of this motion, however, no return of service or other verification of proper service on the United States or the official-capacity defendants under Federal Rule of Civil Procedure 4(i) has been docketed.

**4.** On October 15, 2026, Plaintiffs filed a Motion for Plaintiff to Proceed by Pseudonym and a Motion for Leave for Declarant to Proceed Under Pseudonym. ECF Nos. 18–19. Responses to those motions are not due until October 29, 2026.

**5.** On October 16, 2026, the Court entered a paperless order holding Plaintiffs' request for a preliminary injunction in abeyance until Plaintiffs file a notice verifying that Defendants have been served with the expedited motion. ECF No. 20.

**6.** Defendants obtained service on this matter on October 20, 2026, and undersigned counsel immediately entered a Notice of Appearance. ECF No. 21.

**II. Good Cause Exists for the Requested Extension**

**7.** Under Rule 6(b)(1)(A), the Court may extend a deadline for good cause when the request is made before the original deadline expires. The present motion was filed before the October 20, 2026 response date.

**8.** Good cause exists for multiple independent reasons. First, Defendants were only served on October 20, 2026, the proposed deadline.

**9.** Defendants' obligation to respond to the complaint and, practically, their ability to prepare a full response to the class-certification motion has not been triggered until this moment.

**10.** Second, and most critically for the timing of any class-certification response, Defendants currently have no meaningful ability to identify the Plaintiffs or evaluate the factual allegations underlying the class-certification motion. One named plaintiff is proceeding only as "John Doe," and Plaintiffs have moved for leave to proceed by pseudonym. ECF Nos. 18–19. Those motions remain pending, with responses not due until October 29, 2026. Without knowing the identity of the Plaintiffs (or, at minimum, having the benefit of a ruling on the pseudonym motions), Defendants cannot investigate the individual claims, assess typicality or adequacy,

evaluate the proposed class definition against the actual facts, or otherwise meaningfully address the allegations in the Complaint or the Motion to Certify Class. Class certification under Rule 23 requires careful, fact-specific analysis of commonality, typicality, adequacy, and superiority; that analysis is impossible when the identities of the putative class representatives remain unknown.

**11.** Preparing a thorough opposition also requires coordination among multiple federal agencies and components, review of relevant records and policies, and consultation with counsel. That process cannot be meaningfully completed until service is effected and the Plaintiffs' identities are clarified through resolution of the pending pseudonym motions.

**12.** Defendants therefore request that their deadline to respond to the Motion to Certify Class be set for 21 days after the Court issues an order resolving Plaintiffs' motions to proceed by pseudonym (ECF Nos. 18–19). This timing ensures Defendants will have a reasonable opportunity to investigate and prepare a response once the identity issue is decided, while remaining modest and tied directly to the resolution of the threshold motions that currently prevent meaningful opposition.

**13.** The requested extension will not prejudice Plaintiffs and is not sought for purposes of delay.

**14.** Aligning the class-certification response deadline with resolution of the pseudonym motions is consistent with orderly case management.

## III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and set Defendants' deadline to respond to Plaintiffs' Motion to Certify Class (ECF No. 9) for 21 days after the Court resolves Plaintiffs' motions to proceed by pseudonym (ECF Nos. 18–19).

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: s/ *Keyla E. Rodriguez*
Keyla E. Rodriguez
ASSISTANT U.S. ATTORNEY
Florida Bar: 1044352
United States Attorney's Office
99 N.E. 4th Street, Suite 328
Miami, Florida 33132
Telephone: 305-798-3849
E-mail: Keyla.Rodriguez@usdoj.gov

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issue, but Plaintiffs are opposed. Plaintiffs state that they do not agree with tying it to the pseudonym motion because they claim that the class certification will not turn on whether the pseudonym motion is granted.

By: */s/ Keyla E. Rodriguez*
Keyla E. Rodriguez
Assistant United States Attorney