**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ORLANDO ROSALES SALMERON, et. al.,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Secuirty, et. al.,

*Defendants*.

Civil Action No. 1:26-cv-26911-BB

Judge Beth Bloom

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTIONS FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Defendants respectfully oppose Plaintiffs' Motion for Leave for Plaintiff to Proceed Under Pseudonym (ECF No. 18) and Motion for Leave for Declarant to Proceed Under Pseudonym (ECF No. 19). The motions should be denied. Plaintiffs have not shown that the substantial privacy interest of either the named plaintiff or the non-party declarant outweighs the strong presumption of openness in judicial proceedings.

## I. INTRODUCTION

Fed. R. Civ. P. 10(a) requires that the complaint "name all the parties." The Eleventh Circuit has long recognized that proceeding under a pseudonym is an exceptional departure from that rule, available only when a plaintiff demonstrates a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam). The same presumption of public access

applies to non-party declarations under the common-law right of access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007).

Neither motion meets that standard. Both rest primarily on generalized fears of retaliation and the asserted sensitivity of immigration status and conditions of confinement. Those concerns are insufficient under controlling Eleventh Circuit authority and recent decisions of Florida district courts. The public has a substantial interest in knowing the identity of the parties and the sources of evidence in a case that seeks to enjoin the operations of a federal immigration facility. A protective order, if necessary, is a less restrictive means of addressing any legitimate confidentiality concerns.

## II. BACKGROUND

Plaintiffs filed this action on October 2, 2026, challenging conditions of confinement and access to counsel at the Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") facility in Miramar, Florida. On October 15, 2026, they filed the two motions now before the Court. ECF No. 18 seeks leave for the named plaintiff identified as "John Doe" to proceed anonymously. ECF No. 19 seeks leave for a non-party declarant identified as "Jane Doe" to proceed under a pseudonym in the declaration she submitted in support of Plaintiffs' expedited motion for a temporary restraining order and preliminary injunction (ECF No. 6-9).

Both motions emphasize that the individuals remain in ICE custody and fear retaliation. Plaintiffs also cite ICE's public social-media post regarding co-plaintiff Orlando Rosales Salmeron and general statements about the current immigration-enforcement climate.

## III. LEGAL STANDARD

For a party, the Eleventh Circuit applies a totality-of-the-circumstances test. Courts first consider whether the plaintiff is: (1) challenging government activity, (2) compelled to disclose information of the utmost intimacy, or (3) compelled to admit an intent to engage in illegal conduct. *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020); *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). Courts then weigh all the circumstances, including threats of physical harm and the risk of fundamental unfairness to the defendant, against the public's interest in open proceedings. *Id*.

For a non-party declarant, the standard is different. Fed. R. Civ. P. 10(a) does not apply. Courts instead balance the common-law right of access against the asserted privacy interest under the *Romero* factors: whether public access would impair court functions or harm legitimate privacy interests; the degree and likelihood of injury; the reliability of the information; the opportunity to respond; whether the information concerns public officials or public concerns; and the availability of less onerous alternatives. *Romero*, 480 F.3d at 1246.

## IV. ARGUMENT

### A. John Doe Has Not Demonstrated a Substantial Privacy Interest That Outweighs the Presumption of Openness.

#### 1. Challenging government activity alone is not dispositive.

While the first factor favors anonymity, it is only the starting point. Courts routinely require more than the fact that the defendant is a government actor. *See Plaintiff B*, 631 F.3d at 1316. Many cases challenging official government action proceed with named plaintiffs.

#### 2. Immigration status and conditions of confinement do not constitute "information of the utmost intimacy."

The Eleventh Circuit has reserved the "utmost intimacy" category for highly personal matters such as abortion, mental illness, or sexual orientation. *Id.* at 1316; *Frank*, 951 F.2d at 324.

Immigration status and the physical conditions of a government detention facility, while sensitive, are not of the same character. Plaintiffs themselves describe the claims as concerning "conditions at Miramar, the lack of meaningful access to counsel, and the practice of coercing people to sign voluntary departure forms." *See* ECF No. 18, at 5. Those are matters of public concern, not private medical or intimate personal information.

Florida district courts have specifically rejected the argument that immigration status justifies pseudonymity. In *Hispanic Federation v. Byrd*, 2023 WL 11760524, at 2 (N.D. Fla. July 17, 2023), Chief Judge Walker denied a motion to proceed under a pseudonym, holding that a plaintiff's immigration status does not raise "the same privacy concerns as the information at issue in cases where pseudonyms have been allowed." 2023 WL 11760524, at 2. More recently, in *M.A. v. Guthrie*, No. 2:25-cv-765-KCD-DNF (M.D. Fla. Jan. 5, 2026) (ECF No. 85), the court denied a motion to proceed anonymously by an immigration detainee challenging conditions at a Florida detention facility, expressly relying on *Hispanic Federation* and concluding that "immigration status just does not meet the high bar for anonymity." No. 2:25-cv-765-KCD-DNF.

**3. Generalized fears of retaliation are insufficient.**

Plaintiffs assert that Mr. Doe fears retaliation, harassment, and physical harm because he remains in ICE custody and because of the broader immigration climate. Generalized fears, without specific, non-speculative evidence of a particularized threat, do not justify anonymity. *See Frank*, 951 F.2d at 324; *In re Chiquita Brands*, 965 F.3d at 1251 (rejecting anonymity based on "generalized, subjective assertions of fear"). ICE's publication of information about co-plaintiff Rosales Salmeron on social media is ordinary law-enforcement public information practice; it is not evidence that Defendants will retaliate against Mr. Doe for participating in this litigation. Courts have rejected similar arguments resting on the general political climate surrounding

immigration. *See Hispanic Federation*, 2023 WL 11760524, at 2 (mere allegations of threats and harassment in an "elevated political climate" are insufficient); *M.A. v. Guthrie*, ECF No. 85 (generalized fears of harm from detention conditions do not satisfy the *Chiquita Brands* standard). A protective order that permits disclosure of identifying information to Defendants' counsel and to those agency personnel with a need to know for purposes of investigating the allegations, preparing a defense, and implementing any court order is a less restrictive alternative to permanent pseudonymity.

**4. Anonymity would prejudice Defendants and impair the public interest.**

Defendants are entitled to know the identity of the individual plaintiff whose claims they must defend, particularly for purposes of standing, class certification, discovery, and any individualized relief. *See Frank*, 951 F.2d at 322 (Rule 10(a) "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties"); *Plaintiff B*, 631 F.3d at 1315 ("Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not"); *In re Chiquita Brands*, 965 F.3d at 1247 (courts must consider whether anonymity "poses a unique threat of fundamental unfairness to the defendant"). The public interest in open proceedings is especially strong in a case seeking to enjoin the operations of a federal immigration facility. A protective order limiting disclosure of identifying information to Defendants' counsel and to those agency personnel with a need to know is a less restrictive alternative that preserves the public's ability to understand who is bringing the suit while still permitting the government to investigate the claims and prepare its defense.

**5. Plaintiffs' decision to proceed as a putative class action further undercuts the request for anonymity.**

Plaintiffs' request for anonymity is particularly difficult to square with their decision to proceed as a putative class action. If, as they allege, the class of individuals detained at Miramar is so numerous that joinder is impracticable, *see* Fed. R. Civ. P. 23(a)(1), there should be no shortage of putative class members willing to serve as named plaintiffs without the need for a pseudonym. Allowing a named plaintiff to proceed anonymously undermines both the public's interest in knowing who is directing this litigation and the Court's ability to assess whether that individual can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts have recognized that the special role of a class representative makes anonymity less appropriate than it might be for ordinary class members. *See In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 4:15-md-02669 (E.D. Mo. Apr. 6, 2016) (ECF No. 138) (requiring class representatives to proceed under their real names while permitting class members to remain anonymous).

**B. Jane Doe Has Not Shown Good Cause to Overcome the Common-Law Right of Access.**

The *Romero* factors do not support sealing or pseudonymizing the declarant's identity. 480 F.3d at 1246. The substance of her declaration is already on the public docket and concerns conditions at a government facility are matters of clear public interest. *See* ECF No. 6-9. Public disclosure of her identity would not impair court functions. While she expresses fear of retaliation, that fear is general rather than specific. Defendants will have a full opportunity to respond to the substance of the declaration; knowing the declarant's identity is relevant to assessing credibility and foundation.

Notably, co-Plaintiff Orlando Rosales Salmeron has proceeded under his real name throughout this litigation, and the other declarants who submitted sworn statements in support of Plaintiffs' expedited motion for a temporary restraining order and preliminary injunction (ECF No.

6) likewise used their true names without seeking leave to proceed under a pseudonym. Their willingness to proceed openly undercuts John and Jan Does' assertion that the conditions at Miramar or the current immigration climate compel anonymity.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motions for Leave to Proceed Under Pseudonym (ECF Nos. 18 & 19). Denial of the motions should result in the dismissal without prejudice of the claims of the individual plaintiff identified as "John Doe" for failure to comply with Federal Rule of Civil Procedure 10(a), and the striking of the declaration of "Jane Doe" from the record.

In the alternative, if the Court is inclined to permit any degree of anonymity, Defendants respectfully request that the Court enter a protective order permitting disclosure of the true identities of John Doe and Jane Doe to Defendants' counsel and to those agency personnel with a need to know for purposes of investigating the allegations, preparing a defense, and implementing any court order.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: s/ *Keyla E. Rodriguez*
Keyla E. Rodriguez
ASSISTANT U.S. ATTORNEY
Florida Bar: 1044352
United States Attorney's Office
99 N.E. 4th Street, Suite 328
Miami, Florida 33132
Telephone: 305-798-3849
E-mail: Keyla.Rodriguez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through CM/ECF on Plaintiffs' counsel and all parties of record.

By: */s/ Keyla E. Rodriguez*
Keyla E. Rodriguez
Assistant United States Attorney