**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ORLANDO ROSALES SALMERON, et. al.,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, et. al.,

*Defendants*.

Civil Action No. 1:26-cv-26911-BB

Judge Beth Bloom

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION FOR PRELIMINARY INJUNCTION**

Defendants respectfully submit this response in opposition to Plaintiffs' Motion for a Preliminary Injunction. ECF No. 6. The Court has already denied the accompanying request for a temporary restraining order because the relief sought extends beyond preserving the status quo. ECF No. 20. For the reasons set forth below, the request for a preliminary injunction should likewise be denied.

## I. INTRODUCTION

Plaintiffs challenge conditions of confinement, access to counsel, and the use of voluntary departure forms at the ICE Enforcement and Removal Operations facility in Miramar, Florida. They seek broad injunctive relief that would impose detailed operational requirements on the facility. No class has been certified. Neither named plaintiff remains detained at Miramar, and none of the individuals who submitted declarations in support of the motion remain detained at the

facility. The motion is therefore moot, and Plaintiffs have not established the requirements for preliminary injunctive relief.

This case is in the same procedural posture as *D.N.N. v. Liggins*, No. 1:25-cv-01613 (D. Md.), at the time the court first denied the motion for a preliminary injunction and class certification. In that case, the court denied class certification without prejudice and denied the preliminary injunction motion as moot because the named plaintiffs had been transferred out of the Baltimore Hold Rooms and were no longer subject to the challenged conditions. *See* ECF Nos. 74 & 75 (D. Md. July 25, 2025). The same principles require denial here.

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary and drastic remedy. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The movant must clearly establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury; (3) that the threatened injury outweighs the harm the injunction would cause the opposing party; and (4) that the injunction would not disserve the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*). Failure on any one factor is fatal. *Id.*

## III. ARGUMENT

### A. The Motion Is Moot.

U.S. Const. Art. III § 2 requires a live controversy. When a plaintiff seeks prospective injunctive relief challenging conditions of confinement, the plaintiff must ordinarily remain subject to those conditions. *See Zatler v. Wainwright,* 802 F.2d 397 (11th Cir. 1986 (per curiam); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984). Neither named plaintiff is currently detained at Miramar. None of the declarants who submitted sworn statements in support of the motion remain detained at the facility; each describes only a completed period of detention.

*See* ECF Nos. 6-2 through 6-9; *see also* **Exhibit A**, at ¶ 20 (Defendants' declaration confirming none of the declarants remain at Miramar). Past exposure to the conditions does not establish a present case or controversy for injunctive relief. *See Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985 (per curiam).

The motion itself does not rely on the named Plaintiffs' own detention as its evidentiary foundation. Neither named Plaintiff submitted a declaration detailing their own conditions or dates of detention. The factual support for the request for preliminary relief consists of the declarations of non-party declarants only, describing completed periods of detention at Miramar. *See* ECF Nos. 6-2 through 6-9.

No class has been certified. An uncertified putative class does not acquire an independent legal status that preserves a controversy after the named plaintiffs' claims for prospective relief become moot. *See Sosna v. Iowa,* 419 U.S. 393, 399–403 (1975); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975). Plaintiffs have not argued that their claims are inherently transitory. Even if they had, the exception would not apply. The inherently transitory doctrine preserves a class action only where the claims are so fleeting that the trial court cannot reasonably be expected to rule on certification before the named plaintiffs' individual claims expire, and where certification is in fact decided while the controversy remains live. *See Gerstein*, 420 U.S. at 110 n.11; *County of Riverside v. McLaughlin*, 500 U.S. 44, 51–52 (1991). That has not occurred here.

The procedural posture is identical to the stage in *D.N.N. v. Liggins* when the court denied the preliminary injunction motion as moot. *See* ECF Nos. 74 & 75 (D. Md. July 25, 2025). There, as here, the named plaintiffs were no longer detained at the facility, and no class had been certified. The request for a preliminary injunction is therefore moot.

**B. Plaintiffs Have Not Shown a Substantial Likelihood of Success on the Merits.**

Even if the motion were not moot, Plaintiffs have not shown a substantial likelihood of success.

**1. Conditions of confinement.**

Civil immigration detention is not punitive. *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979). Conditions of confinement do not violate due process unless they amount to punishment or are not reasonably related to a legitimate governmental objective. *Id.* at 538–39. Miramar is a short-term ERO holding facility operated in accordance with ICE Directive 11087.2 and applicable detention standards. *See* **Exhibit A**, Declaration of Angel A. Cata, at ¶¶ 4-5. Detainees are not held in spaces providing only two or three square feet per person, are not required to sleep on bare concrete without mats or blankets, and are provided with basic hygiene items, water, and food appropriate for the duration of their stay. *See Id.*, at ¶¶ 9-10, and 12.

The typical length of stay is short, and extended stays, if any, are the exception and are documented. *See Id.,* at ¶ 24. ICE Directive 11087.2, at paragraph 3.2 states that hold rooms are primarily used for the short term not to exceed 12 hours, absent exceptional circumstances of individuals who have been recently detained or are being transferred. *See U.S. Immigr. & Customs Enf't, Office of Enf't & Removal Operations, Operations of ERO Holding Facilities,* Policy No. 11087.2, at 2 (Jan. 31, 2024). Matters that could involve in the extended stays include: safety and security requirements; weather and transportation disruptions; medical placement needs; operational influxes; and, identity and legal verification hurdles. *See* **Exhibit A**, at ¶ 25. An individuals detainee's time in a hold room may be extended by exceptional circumstances arising anywhere in the HDS system, not only facts unique to that person or the specific facility. *See Id.,* at ¶ 26.

While crowded conditions in a holding facility are not ideal, they do not, without more, establish that the conditions are punitive. *See Bell*, 441 U.S. at 542–43; *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).

Plaintiffs cite other hold room cases in which courts granted preliminary injunctions. *See Barco Mercado v. Noem*, No. 1:25-cv-06568 (S.D.N.Y.); *D.N.N. v. Liggins*, No. 1:25-cv-01613 (D. Md.); *Pablo Sequen v. Albarran*, No. 25-cv-06487 (N.D. Cal.). Those cases are distinguishable. In each, the court found that provisional or certified class members remained subject to the challenged conditions at the time of the injunction, and the records included developed evidence of ongoing violations. Here, no named plaintiff or declarant remains detained at Miramar, no class has been certified, and Defendants' declaration establishes that the conditions described do not reflect current operations. *See* **Exhibit A**, at ¶ 7. Those decisions do not control. The initial denial in *D.N.N. v. Liggins* itself confirms that prospective relief is unavailable when the named plaintiffs are no longer subject to the conditions. *See* ECF Nos. 74 & 75 (D. Md. July 25, 2025).

**2. Access to counsel.**

First, while courts have recognized the associational and court access rights of civil detainees, as well as attorney rights to client consultation and solicitation in detention facilities, these rights are not unfettered. *See, e.g., Haitian Refugee Ctr., Inc. v. Baker*, 953 F.2d 1498, 1513 (11th Cir. 1992) (per curiam) ("[T]he Government does not infringe on a third party's first amendment right to associate with an alien by holding the alien for a period of time during which the third-party is unable to contact him"); *see also id.* at 1513-14 ("Certainly [the case law] does not support the conclusion that the Government infringes associational freedom when it denies access to those whom it lawfully detains"); *Cuban Am. Bar Ass'n, Inc. v. Christopher*, 43 F.3d

1412, 1429 (11th Cir. 1995) ("[A]ssociational freedom in no way implies a right to compel the Government to provide access to those with whom one wishes to associate").

Isolated difficulties contacting counsel do not establish a systemic denial of access that rises to the level of a constitutional violation. *See Lewis v. Casey*, 518 U.S. 343, 349–50 (1996). Procedures exist for detainees to contact counsel, and any temporary difficulties are not the result of a systemic denial of access. *See* **Exhibit A**, at ¶¶ 16-20.

Plaintiffs again rely on the same hold-room cases. *See Barco Mercado v. Noem*, No. 1:25-cv-06568 (S.D.N.Y.); *D.N.N. v. Liggins*, No. 1:25-cv-01613 (D. Md.); *Pablo Sequen v. Albarran*, No. 25-cv-06487 (N.D. Cal.). Those decisions addressed access to counsel claims only after finding that provisional or certified class members remained detained under the challenged conditions and that the record showed ongoing, systemic barriers. Here, no named plaintiff or declarant remains at Miramar, no class has been certified, and Defendants' declaration establishes that procedures for contacting counsel exist and that any difficulties were not the product of a systemic denial. *See* **Exhibit A**, at ¶ 18. The cases Plaintiffs cite are distinguishable and do not support preliminary relief.

**3. Voluntary departure.**

Plaintiffs' challenge to the presentation of voluntary departure forms is unavailing. Voluntary departure is a form of relief under the Immigration and Nationality Act. *See* 8 U.S.C. § 1229c. Voluntary departure forms are presented in accordance with applicable law and policy, and detainees are not coerced into signing them. *See* **Exhibit A**, at ¶¶ 21-22 Plaintiffs have not shown that the forms were presented in a coercive manner that violates due process, or that any particular named plaintiff or declarant was coerced into waiving a known right.

**4. Congressional letter.**

Unsworn and anonymous materials do not supply the reliable evidence required to support a preliminary injunction. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). The September 21, 2026, letter from members of Congress (ECF 6-1) is entitled to little or no weight. It is unsworn, summarizes the statements of unnamed "confidential whistleblowers," and has not been subject to investigation or testing by Defendants. The conditions described by the unnamed whistleblowers are not accurate and do not reflect current or recent operations at Miramar. *See* **Exhibit A**, at ¶ 7.

**C. Plaintiffs Have Not Shown Irreparable Harm.**

"To show irreparable harm, the harm 'must be neither remote nor speculative, but actual and imminent.'" *Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990); *see also Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975) ("An injunction is appropriate only if the anticipated injury is imminent and irreparable."). Plaintiffs cannot make either showing here.

Plaintiffs' inability to show imminent harm is fatal to their motion. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (emphasis added) (an "equitable remedy [that] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again"); *see also Strickland*, 772 F.3d at 883 ("[I]njunctions regulate future conduct only."). Plaintiffs do not meet their "heavy burden" to obtain a preliminary injunction here and the court should deny their motion on this ground too.

The Court has already determined that the relief sought extends beyond preserving the status quo. ECF No. 20. Plaintiffs have not demonstrated that any named plaintiff faces imminent, irreparable harm that cannot be addressed through the ordinary course of litigation. *See Siegel*, 234

F.3d at 1176–77. The named plaintiffs are no longer detained at Miramar, and none of the declarants remain at the facility. *See* **Exhibit A**, at ¶ 20. Past exposure to the conditions does not establish a present case or controversy for injunctive relief. *See Wahl,* 773 F.2d at 1173; *Zatler*, 802 F.2d at 399. The motion relies on the accounts of non-party declarants who are no longer at Miramar and do not rest on any ongoing detention of a named Plaintiff. Unlike the cases Plaintiffs cite, there is no ongoing exposure of any named plaintiff or declarant to the conditions challenged. The initial denial of the preliminary injunction as moot in *D.N.N. v. Liggins* confirms that the absence of any named plaintiff still subject to the conditions precludes a finding of irreparable harm. *See* ECF Nos. 74 & 75 (D. Md. July 25, 2025).

**D. The Balance of Equities and the Public Interest Weigh Against an Injunction.**

An injunction that imposes detailed operational requirements on a federal immigration holding facility would significantly interfere with Defendants' ability to manage a high-volume facility and to carry out their statutory enforcement responsibilities. The public interest favors the orderly administration of immigration laws and the proper functioning of detention facilities. *See Winter*, 555 U.S. at 24; *Nken v. Holder*, 556 U.S. 418, 435–36 (2009). And there is an especially strong interest in allowing the federal government to enforce this country's immigration laws without burdensome roadblocks with no basis in law or fact. The balance of equities tips in favor of defendants.

Judicial management of day-to-day facility operations is not warranted on the present record, particularly where no named plaintiff or declarant remains subject to the conditions challenged. *See* **Exhibit A**, at ¶ 20.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for a Preliminary Injunction (ECF No. 6).

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: s/ *Keyla E. Rodriguez*
Keyla E. Rodriguez
ASSISTANT U.S. ATTORNEY
Florida Bar: 1044352
United States Attorney's Office
99 N.E. 4th Street, Suite 328
Miami, Florida 33132
Telephone: 305-798-3849
E-mail: Keyla.Rodriguez@usdoj.gov