**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ORLANDO ROSALES SALMERON,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security,

*Defendants*.

Civil Action No. 1:26-cv-26911-BB

Judge Beth Bloom

**DECLARATION OF ANGEL A. CATA**

I, ANGEL A. CATA, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am an Assistant Field Officer Director ("AFOD") with the United States Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), in the Miramar Sub-Office of the Miami Field Office. I was first employed with DHS in March 2007. I have been an AFOD with ERO since August 2025.

2. I am currently assigned to the ERO Miramar Criminal Alien Program, which oversees the aliens detained at the Miramar Processing Hold Room, which is a hold room in Miramar, Florida. My responsibilities include, but are not limited to, tracking detainees arriving from jails or prisons after serving criminal sentences, tracking detainees arrested for Title 8

violations, serving immigration documents on detainees, and coordinating detention at immigration detention centers.

3. I am familiar with ICE policies and procedures governing the detention and removal of aliens who come into ICE's custody. I make this declaration based upon my personal and professional knowledge, as well as knowledge obtained from various records and systems maintained by ICE in the regular course of business, including but not limited to the alien registration file (A-file), and DHS databases relating to named Plaintiffs. I provide this declaration based on the best of my knowledge, information, belief, and reasonable inquiry in the above-captioned case as of today.

4. Miramar is a short-term ERO holding facility, not a long-term detention center.

5. The facility is operated in accordance with ICE Directive 11087.2.

6. The facility is not operating in defiance of court orders or ICE's own internal policies.

7. The conditions described by the unnamed whistleblowers do not reflect current or recent operations at Miramar.

8. Current or typical population levels, available space, and staffing are consistent with short-term holding use.

9. Detainees are not held in spaces providing only two or three square feet per person.

10. Detainees are not required to sleep on bare concrete without mats, blankets, or other provisions.

11. We have restroom facilities properly maintained and cleaned; detainees are not required to step through urine or feces.

12. Detainees are provided with basic hygiene items, water, and food appropriate for the duration of their stay.

13. Any use of restraints is limited in duration and consistent with security needs and policy.

14. There is no practice of prolonged shackling that violates policy or creates a risk of serious harm.

15. Detainees are permitted to contact family members and counsel by telephone upon arrival and on request by the detainee.

16. Family members and counsel are also permitted to contact ERO Miramar Processing via email to request detainee information, flight itineraries, and deliver messages to the detainee.

17. Procedures exist for detainees to contact counsel.

18. Any temporary difficulties contacting counsel are not the result of a systemic denial of access.

19. Legal calls are accommodated consistent with hold room and security.

20. Access to counsel is not systematically denied or limited to the point of creating an imminent risk.

21. Voluntary departure forms are presented in accordance with applicable law and policy.

22. Detainees are not coerced into signing the forms.

23. Individuals who sign voluntary departure forms do so knowingly and voluntarily.

24. The typical length of stay at Miramar is short, and extended stays, if any, are the exception.

25. Matters that could involve extending stays include, but are not limited to: safety and security requirements; weather and transportation disruptions; medical placement needs; operational influxes; and, identity and legal verification hurdles.

26. An individual detainee's time in a hold room may be extended by exceptional circumstances arising anywhere in the DHS system, not only facts unique to that person or the specific facility.

27. The hold room does not hold individuals for days to weeks in life-threatening or abusive conditions.

28. Detainees, including those with medical conditions, are not being held in overcrowded cells without adequate medical care, hygiene, or food.

29. The named plaintiffs and individuals who submitted declarations in support of the motion have described periods of detention that have already ended and have not alleged that they remain at the Miramar facility. These include[1]:

| | Complaint/Declarations | ICE Systems |
|---|---|---|
| Plaintiff: Orlando Rosales Salmeron (ECF No. 1) (A 029 333 719) | 9/28/26-10/3/26<br>Accurate | 9/28/26-10/3/26<br>Verified |
| Plaintiff: John Doe<br>(ECF No. 1) (A-Number Unknown) | Provided no Miramar dates | Unable to Verify |
| Declarant: Jane Doe<br>(ECF No. 6-9) (A-Number Unknown) | "on or about Aug 8, 2026" for approx. 17 days | Unable to Verify |
| Declarant: Alvaro Arvelo Garcia<br>(ECF No. 6-6) (A 233 288 326) | 8/27/26-9/5/26<br>Accurate | 8/27/26-9/5/26<br>Verified |
| Declarant: Domingo Vi Asicona<br>(ECF No. 6-7) (A 201 961 780) | 8/6/26-8/9/26<br>Not Accurate | 9/12/26-9/15/26<br>Verified |
| Declarant: Alvaro Guillemot<br>(ECF No. 6-5) (A 247 060 105) | 4/27/26-4/30/26<br>Not Accurate | 4/30/26-4/30/26<br>Verified |
| Declarant: Ignacio Hernandez-Fuentes<br>(ECF No. 6-4) (A 023 727 247) | 5 days in July or August 2026<br>Not Accurate | 8/8/26-8/8/26<br>Verified |
| Declarant: Elsa del Carmen Joya Reyes | 6/23/26-7/3/26 | 6/24/26-7/2/26 |

[1] This information concerning the periods of detention described by the named Plaintiff and declarants is drawn from the allegations in the complaint and declarations (ECF Nos. 6-2 through 6-9 and the complaint ECR No. 1) and has been independently verified by Defendants as accurate or inaccurate, except for the John Doe Plaintiff and Jane Doe Declarant whose identities are not known to Defendants.

| | | |
|---|---|---|
| (ECF No. 6-3) (A 097 735 952) | Not Accurate | Verified |
| Declarant: Carlos Herrera-Velasquez<br>(ECF No. 6-2) (A 201 298 096) | 7 days in July or August 2026<br>Not Accurate | 8/3/26-8/8/26<br>Verified |
| Declarant: Sandra Elena Valera Pereira<br>(ECF No. 6-8) (A 216 947 836) | Arrested 7/25/26<br>Accurate | 7/25/26-8/2/26<br>Verified |

30. None of the individuals who submitted declarations in support of the motion remain detained at Miramar.

I declare, under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, as of the time of signature.

Executed this 4TH day of November 2026.

ANGEL A CATA Digitally signed by ANGEL A CATA

**ANGEL A. CATA**
Assistant Field Officer Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security