**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| ORLANDO ROSALES SALMERON and JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID J. VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS D. CHARLES, in his official capacity as Executive Associate Director for Enforcement and Removal Operations; MATTHEW ELLISTON, in his official capacity as Field Office Director, ICE Enforcement and Removal Operations, Miami Field Office; RODNEY SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | **Case No. 1:26-cv-26911-BB** |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTIONS**
**FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

Plaintiffs respectfully submit this combined Reply in support of their Motion for Leave for Plaintiff to Proceed Under Pseudonym (ECF No. 18) and their Motion for Leave for Declarant to Proceed Under Pseudonym (ECF No. 19), and in response to Defendants' Opposition (ECF No. 27, "Opp.").

## I. INTRODUCTION

Defendants' Opposition treats John Doe's and Jane Doe's fears as "generalized." Opp. at 4, 6. They are not. Both remain in the custody of the agency whose practices this suit challenges, and that agency has already published the name and photograph of a co-plaintiff who remains in ICE detention. The Opposition also conflates two different things: disclosure of identities to Defendants under appropriate safeguards, which Plaintiffs have offered, and disclosure of those identities to the public, which none of Defendants' asserted litigation needs requires.

The parties' dispute is narrower than Defendants' brief suggests. Defendants agree that, if the Court permits anonymity, a protective order can give them the identifying information they seek. Opp. at 7. On October 28, 2026, Plaintiffs sent Defendants a proposed protective order that permits specific disclosures subject to safeguards with heightened protections for Jane Doe. *See* Ex. A. Its terms remain to be decided, but they have no bearing on whether John Doe and Jane Doe may proceed under pseudonyms.

## II. THE RELEVANT FACTUAL CONTEXT

John Doe's request is governed by a totality-of-the-circumstances test, and Jane Doe's by the balancing factors of *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). *See In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 & n.5 (11th Cir. 2020). Under either standard, the inquiry turns on the circumstances of the person seeking protection. The central circumstance here is one the Opposition largely ignores: John Doe and Jane Doe remain in the custody of the agency whose detention practices this suit challenges.

John Doe and Jane Doe are noncitizens who were detained at Miramar, remain in immigration detention, and have pending immigration proceedings. ECF No. 18 at 2; ECF No. 19 at 2. While co-Plaintiff Orlando Rosales Salmeron was detained at Miramar, ICE's Miami field

office published his full name and photograph on its official X account and labeled him a "criminal illegal alien." ECF No. 18 at 7. Defendants do not dispute this. They describe it as "ordinary law-enforcement public information practice." Opp. at 4. That description confirms the risk: When ICE knows who is in its custody, its ordinary practice includes publicizing that person's name and image under a pejorative label.

## III. ARGUMENT

### A. The Circumstances Warrant Protecting John Doe's and Jane Doe's Identities.

The three initial *Chiquita Brands* factors are only "the first step"; courts must then consider "all the circumstances of a given case." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011); *see Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020). Those circumstances include whether the party faces a threat of harm from proceeding publicly and whether anonymity would be fundamentally unfair to the defendant. *Chiquita Brands*, 965 F.3d at 1247.

Defendants rely principally on *Hispanic Federation v. Byrd*, No. 4:23-cv-218-MW-MAF, 2023 WL 11760524 (N.D. Fla. July 17, 2023), and *M.A. v. Guthrie*, No. 2:25-cv-765-KCD-DNF, 2026 WL 21266 (M.D. Fla. Jan. 5, 2026). Opp. at 4–5. Neither decision involved what this record shows. In *M.A.*, the petitioner's fears rested on stigmatizing rhetoric from public officials and general statistics about violence against immigrants, and his immigration status and history were "the very subject of the litigation he chose to bring." *M. A.*, 2026 WL 21266 at *1. Here, the claims concern conditions at Miramar, not anyone's immigration status, as Defendants acknowledge. Opp. at 4. And the risk John Doe and Jane Doe identify does not rest on rhetoric or statistics. It rests on what ICE has already done to a co-plaintiff in this case, and on the retaliation that courts adjudicating challenges to ICE hold-room conditions have found serious enough to enjoin. *See*

ECF No. 18 at 6–9 (collecting cases). *Hispanic Federation*, for its part, did not involve a litigant in the defendants' custody.

District courts, including courts within the Eleventh Circuit, have permitted plaintiffs to proceed under pseudonyms in cases involving ICE detention facilities due to the concrete risk of institutional retaliation and the sensitivity of immigration statuses. *See, e.g.*, *C.M. v. Noem*, No. 1:25-cv-23182-RAR (S.D. Fla. July 18, 2025) (ECF No. 15) (granting motion to proceed under pseudonyms in ICE detention suit); *Oldaker v. Giles*, No. 7:20-cv-00224-WLS, 2021 WL 3412551, at *3–4 (M.D. Ga. Aug. 4, 2021) (granting pseudonymity over opposition due to risk of ICE facility retaliation); *see also Doe v. CoreCivic, Inc.*, No. 4:20-cv-01828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) (permitting plaintiff alleging sexual assault in ICE custody to proceed under pseudonym where defendants already knew plaintiff's identity).

Here, John Doe and Jane Doe remain in ICE custody. ECF Nos. 18, 19. Publicly linking their names to this lawsuit would identify them, to the officers who control their detention, as people challenging ICE's detention practices, and would attach their names to the personal details in the record. In a closely analogous challenge to ICE hold-room conditions, the government did not oppose the named plaintiffs' request to proceed by initials, and the court found no prejudice because the government knew their identities. *D.N.N. v. Baker*, No. 1:25-cv-01613-JRR, 2025 WL 2062184 (D. Md. July 23, 2025). Defendants offer no reason this case warrants a different result.

Defendants also argue that John Doe's role as a proposed class representative weighs against pseudonymity because anonymity would impair the Court's ability to assess whether he can "fairly and adequately protect the interests of the class." Opp. at 6 (quoting Fed. R. Civ. P. 23(a)(4)). Defendants do not explain how keeping his name off the public docket would prevent the Court from evaluating his adequacy, or prevent Defendants from investigating his claims once

his identity is disclosed to them under a protective order. In *D.N.N.*, the court designated the two plaintiffs proceeding by initials as representatives of a class of people detained in ICE's Baltimore hold rooms. *D.N.N. v. Liggins*, No. 1:25-cv-01613-JRR, ECF No. 171 at 1 (D. Md. Mar. 6, 2026). Defendants' contrary authority, an order in a consumer data-breach MDL, involved no custodial relationship between the class representatives and the defendants. *See* Opp. at 6 (citing *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 4:15-md-02669, ECF No. 138 (E.D. Mo. Apr. 6, 2016)).

As to Jane Doe, Defendants' reliance on *Romero*, 480 F.3d at 1246, does not compel a different result. Under *Romero*, courts balance the public's right of access against legitimate privacy interests, considering, among other factors, the degree and likelihood of injury from disclosure, whether the information concerns matters of public concern, the opportunity to respond, and the availability of less restrictive alternatives. *Id.* at 1246. Here, Jane Doe remains in ICE custody, making her particularly vulnerable to the risks associated with publicly identifying herself in litigation challenging ICE detention practices. ECF No. 19 at 2. That the public already has access to the substance of Jane Doe's declaration concerning the conditions at the Miramar facility does not weigh against protecting her identity. *See Doe v. Ga. Dep't of Corr.*, No. 24-11382, 2024 WL 5200055, at *2 (11th Cir. Dec. 23, 2024) (per curiam) (permitting incarcerated plaintiff to proceed under a pseudonym while unsealing the substantive record because "party anonymity may not 'obstruct the public's view of the issues joined or the court's performance in resolving them'" (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981))). Plaintiffs likewise seek to protect her identity, without shielding the underlying allegations from public scrutiny.

Although Defendants contend that Jane Doe's identity is relevant to assessing her credibility and the foundation of her declaration, protecting her identity from public disclosure does not foreclose Defendants from challenging her testimony. Indeed, the Proposed Protective Order establishes a procedure through which Defendants' counsel may seek access to her identifying information, subject to appropriate safeguards. *See* Ex. A. Thus, protecting Jane Doe's identity would preserve public access to the allegations and Defendants' ability to challenge them while reducing the risk of retaliation associated with publicly identifying her. *See Romero*, 480 F.3d at 1246.

Nor does the fact that other plaintiffs and declarants have proceeded under their true names undermine John Doe's and Jane Doe's requests for protection. Their willingness to disclose their identities does not negate John Doe's or Jane Doe's concerns or establish that either must do the same. The relevant inquiry must account for their respective circumstances rather than the decisions of other individuals. *See Chiquita Brands*, 965 F.3d at 1247 (requiring consideration of all the circumstances when evaluating party anonymity). Mr. Rosales Salmeron, moreover, had no anonymity left to protect: ICE published his name and photograph while he was detained at Miramar. *See* ECF No. 18 at 7.

**B. A Protective Order Addresses Defendants' Investigative Needs While Protecting John Doe's and Jane Doe's Identities.**

Defendants repeatedly propose, as a less restrictive alternative, a protective order permitting disclosure of John Doe's and Jane Doe's identities to Defendants' counsel and to agency personnel with a need to know. Opp. at 2, 5, 7. That proposal answers the prejudice Defendants assert. Defendants say they need the Does' identities to address standing, class certification, discovery, and individualized relief, and to investigate the claims and prepare a

defense. *Id.* at 5–6. Each of those needs is met by limited disclosure to Defendants; none requires disclosure to the public.

Defendants also suggest that a protective order, in place of pseudonymity, would preserve "the public's ability to understand who is bringing the suit." Opp. at 5. But a protective order governs what Defendants receive; leave to proceed under a pseudonym governs what appears on the public docket. The two work together, as Defendants' own alternative request—made "if the Court is inclined to permit any degree of anonymity"—recognizes. *Id.* at 7; *see C.M.*, ECF No. 15 (permitting plaintiffs to proceed under pseudonyms while filing unredacted declarations under seal). Once Defendants have the identities, the only interest left on the other side of the scale is the public's interest in the Does' names, and that interest is weak where the suit challenges government detention practices and every substantive allegation remains public. *See Doe v. Swearingen*, No. 18-24145-CIV, 2019 WL 95548, at *4 (S.D. Fla. Jan. 3, 2019); ECF No. 18 at 9–10.

As for Defendants' asserted need to know Plaintiffs' identities to investigate the claims and prepare a defense, Plaintiffs agree to a protective order that accommodates Defendants' investigative needs while providing appropriate safeguards. Plaintiffs initially raised the use of a protective order in both Motions. ECF No. 18 at 9; ECF No. 19 at 4. Plaintiffs sent a Proposed Protective Order to Defendants' counsel on October 28, 2026, to confer. The Proposed Protective Order permits disclosure of protected identifying information subject to specified safeguards, while providing heightened protections for Jane Doe under Paragraph 7(g). *See* Ex. A. Defendants have stated that they are unwilling to negotiate the terms of a protective order without court involvement, so Plaintiffs will file an opposed motion to enter the Proposed Protective Order attached as Exhibit A. The parties' disagreement over the terms of a protective order is a matter for that motion, not a reason to deny pseudonymity.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave for Plaintiff to Proceed Under Pseudonym (ECF No. 18) and Motion for Leave for Declarant to Proceed Under Pseudonym (ECF No. 19).

Respectfully submitted,

*/s/ Paul R. Chavez*
**Paul R. Chavez** (FL Bar No. 1021395)
pchavez@aijustice.org
**Jennifer Smith** (FL Bar No. 964514)
jsmith@aijustice.org
AMERICANS FOR IMMIGRANT JUSTICE
P.O. Box No 520037
2200 NW 72nd Ave.
Miami, FL 33152
Phone: 305-573-1106

*Attorneys for Plaintiffs*

*/s/ Anne Janet Anderson*
**Anne Janet Anderson** (FL Bar No. 18092)
annejanet.hernandez@splcenter.org
**Maite Garcia** (FL Bar No. 99770)
maite.garcia@splcenter.org
**Andrew Udelsman** (FL Bar No. 1051696)
andrew.udelsman@splcenter.org
**Jeanette Ynfante** (*pro hac vice*)
jeanette.ynfante@splcenter.org
**Courtney O'Donnell** (*pro hac vice*)
courtney.odonnell@splcenter.org
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
Phone: 305-537-0589

*Attorneys for Plaintiffs*