# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ORLANDO ROSALES SALMERON, et al.,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, et al.,

Defendants.

**Case No: 1:26-cv-26911-BB**
**Judge Bloom**

**PLAINTIFFS' REQUESTS FOR EXPEDITED DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34, and the Court's Order Granting Limited Expedited Discovery, Plaintiffs request that Defendants (a) answer the Interrogatories under oath and produce the Documents requested below within seven (7) days of the Order, and supplement as stated; (b) permit the inspection described below; and (c) produce the deponents described below on mutually agreed dates, in each case no later than seven (7) days before the preliminary injunction hearing.

**DEFINITIONS**

1. Document(s) means any writing or recording as broadly defined in Federal Rule of Civil Procedure 34(a)(1) and includes without limitation: (a) all writings of whatever type, nature, or description, whether typed, handwritten, printed, computer-readable, or otherwise, including, without limitation, correspondence, memoranda, notes, worksheets, work papers, diaries, letters, telegrams, telefaxes and facsimiles, contracts, bids, quotations, and proposals, checks, statements, invoices, receipts, returns, notations of any sort of conversations, telephone calls, meetings or other communications, including the

originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including all other forms of drafts, alterations, modifications, changes, or amendments); (b) tape or other sound or video recordings, computer tapes, discs, photographs, charts, presentations, and other electronic or mechanical recordings, however produced or reproduced; and (c) electronically stored information, including, but not limited to, information stored on computers, hard drives, CDs, DVDs, servers, flash drives, backup tapes, or other electronic media, whether or not ever printed out or displayed. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

2. Communication(s) means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any persons, including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, social media posts, text messages, voice messages, voicemails, messages sent on phone applications including but not limited to Signal, WhatsApp, Telegram, faxes, notations, telegrams, advertisements, interviews, conferences, presentations, and all other Documents.

3. Relating to means discussing, describing, alluding to, analyzing, commenting on, concerning, constituting, referencing, evidencing, dealing with, regarding, responding to, setting forth, stating, or summarizing the referenced matter.

4. "Miramar Facility" means the ICE ERO location at 2805 SW 145th Avenue, Miramar, Florida 33027, including every hold room, cell, garage, sallyport, office, or other area in which any person is confined in civil immigration custody.

5. "Detained People/Person" or "detainee" means any person held in civil immigration custody at the Miramar Facility.

6. "Plaintiffs" mean Plaintiffs and the putative class in this matter.

7. "Defendants," "You," and "Your" mean the Defendants named in the Complaint, and their components, officers, employees, agents, and contractors, including any CBP personnel performing functions at the Miramar Facility.

8. "Relevant Time Period" means June 1, 2026 through the date of response, unless a Request states otherwise.

9. "Policy Period" means October 1, 2025 through the date of response, unless a Request states otherwise.

10. "Complaint" means the Complaint in the above-captioned action filed in the Southern District of Florida on October 2, 2026.

**INSTRUCTIONS**

1. In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 34(b)(2).

2. In construing these Requests, You should give effect to the Definitions set forth above. Undefined words and terms shall be given their common meaning. If You are unsure of the definition of a particular term or word, use the definition that You believe to be the most accurate and state that definition in Your response.

3. Respond to each Request separately and fully unless it is objected to, in which event the specific reason for the objection must be stated.

4. In the event that any requested Document has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody, or control, identify the Document as completely as possible and specify the Document's disposal date, disposal manner,

disposal reason, the person who authorized the disposal, and the person who disposed of the Document.

5. If there are no Documents responsive to any particular request, the response shall state so explicitly in writing.

6. If any Documents responsive to a request are known by You to exist but are not in your possession, custody or control, identify those Document(s) and the Person who has possession, custody or control thereof.

7. If You are not producing Documents in response to any of the Requests herein, Your response should make clear that You are not producing Documents in response to that Request and the basis for withholding the documents.

8. If Your response to any Request is qualified in any particular manner, set forth the details of such qualification.

9. In responding to these Requests furnish all information and produce all Documents in Your possession, custody, or control including not only information and Documents immediately available to Your counsel, but also Documents that are available to or in the possession, custody, or control of any third-party, such as an agent or business partner, that is reasonably available to You upon Your request.

10. All Documents should be produced according to the terms of any stipulation between the parties or any court order regarding discovery of electronically stored information. If there is no stipulation or court order, all Documents should be produced in the manner, form, and position in which they are kept in the ordinary course of business, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

11. If any Document responsive to these Requests is withheld under a claim of privilege, You must provide a privilege log according to the terms of any stipulation between the parties or any court order regarding privilege logs. If there is no stipulation or court order, You must identify the basis for the privilege and provide sufficient information to assess the claim of privilege, including the following:

   a. Date, author, addressees, persons carbon copied or blind carbon copied, including the relationship of those persons to You or the author of the Document;
   b. Brief description sufficient to identify/show the type, subject matter, and purpose of the Document;
   c. All persons to whom the Document's contents have been disclosed;
   d. The party who is asserting the privilege.

12. Wherever used herein: the singular shall include the plural and the plural shall include the singular; verb tenses shall be interpreted to include past, present, and future tenses; the word "all" includes the word "any" and vice versa; and the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any Documents which might otherwise be construed to be outside their scope.

13. If You object to part of a Request and refuse to respond to that part, You must produce all Documents called for which are not subject to that objection. Similarly, wherever a Document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the Document which are not produced. If You object to a Request's scope or time period, state Your objection and respond to the Request for the scope or time period You believe is appropriate.

14. Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

15. You are to produce the original and each non-identical copy of all Documents requested herein that are in Your possession, custody or control.

16. Until a protective order is entered, all productions may be designated Attorneys' Eyes Only. Disclosure is authorized by the Court's Order under 5 U.S.C. § 552a(b)(11). Information protected by 8 U.S.C. § 1367 or 8 C.F.R. § 208.6 may be redacted and logged.

17. These Requests are continuing in nature. Requests 2 and 3 are requested to be supplemented weekly.

**REQUESTS FOR PRODUCTION**

1. Governing policies. All written policies, standard operating procedures, post orders, field-office or sub-office directives, musters, guidance, and instructions (including email guidance from supervisors) in effect at any time during the Policy Period that govern the Miramar Facility with respect to: (a) the maximum number of people per hold room or other area; (b) length of confinement, including application of the Directive's twelve-hour limit, the Waiver, and any guidance after the Waiver's vacatur; (c) sleeping surfaces and bedding; (d) food and drinking water; (e) showers, hygiene products, menstrual products, and clothing; (f) medical and mental-health screening, medication, and emergency response, including the written medical-emergency procedures required by Directive § 4.3; (g) temperature and ventilation; (h) bodily privacy and the placement or use of cameras in toilet or changing areas; (i) Detained People's telephone access, including legal calls, monitoring, and recording; (j) attorney and family visitation and attorney inquiries; (k) updating the ICE Online Detainee Locator for Detained People at the Miramar Facility;

and (l) presentation, translation, explanation, and execution of Removal-Related Documents.

2. <u>Directive-mandated logs.</u> All Detention Logs and Hold Room Inspection Logs required by Directive § 5.8 for the Miramar Facility for the Relevant Time Period, supplemented weekly.

3. <u>Population and length-of-stay data.</u> Data or reports (for example, any facility-level tracking spreadsheet) sufficient to show, for each Detained Person held at the Miramar Facility during the Relevant Time Period: unique identifier; date and time of arrival; hold room or area assigned; date and time of departure; destination or disposition (transfer, release, removal, voluntary departure); age; sex; primary language; and any flagged medical or vulnerability indicator. Also produce Documents sufficient to show the total population, and the population of each hold room or area, at least twice daily. Supplement weekly.

4. <u>Physical plant.</u> Floor plans and Documents sufficient to show the dimensions and design or rated capacity of each hold room and other area used to confine Detained People; the location of each toilet, sink, water source, shower, and telephone accessible to Detained People; and the location and field of view of any camera capable of viewing a toilet, shower, or changing area.

5. <u>Compliance reviews.</u> All annual compliance assessments and Holding Facilities Self-Assessment Tool reviews of the Miramar Facility under Directive §§ 2.6 and 4.3(7); all inspections, audits, or reviews of the Miramar Facility by ICE, DHS (including Office of Inspector General ("OIG"), Office for Civil Rights and Civil Liberties ("CRCL"), or Office of Detention Oversight ("ODO")), or any contractor during the Policy Period; and any written response by Defendants to the September 21, 2026 letters from Members of Congress concerning the Miramar Facility, including attachments.

6. Food and water. Documents sufficient to show, for the Relevant Time Period, the type, portion size, caloric content, and frequency of meals provided at the Miramar Facility; the quantity and frequency of drinking water provided to Detained People; any accommodation for medical or religious diets; and the vendor contracts or procurement records for meals and bottled water.

7. Medical care. (a) Any contract or agreement for medical or mental-health services at the Miramar Facility; (b) any blank intake or medical screening form used; (c) Documents sufficient to show the number of 911 calls, EMS responses, and hospital transports from the Miramar Facility by date during the Relevant Time Period, and the reason for each; (d) incident reports for any death, suicide attempt, or hospital admission of a Detainee during the Relevant Time Period; and (e) Documents sufficient to show the procedure for Detainees to obtain medication in their property or delivered by family.

8. Access to counsel. Documents sufficient to show: (a) the telephones available to Detained People, their locations, and whether calls are monitored or recorded; (b) the number and duration of calls placed by Detained People per day during the Relevant Time Period; (c) any procedure for an unmonitored legal call or legal visit; and (d) all requests by attorneys to visit, call, or confirm the location of a Detained People during the Relevant Time Period, and Your response to each (or a statement that none was made).

9. Removal-Related Documents: forms and counts. (a) A blank copy of each Removal-Related Document presented to Detained People at the Miramar Facility during the Relevant Time Period, in each language in which it was available; (b) any script, talking points, guidance, or training on presenting such documents or on offering voluntary departure or self-deportation, including through the CBP Home application; and (c) Documents sufficient to show, by week and by form type, the number of Removal-Related

Documents presented to and executed by Detained People at the Miramar Facility during the Relevant Time Period, and the language of each executed form.

10. <u>Removal-Related Documents: executed copies.</u> All Removal-Related Documents executed at the Miramar Facility between June1, 2026 and the date of response, together with any record of interpretation or reading of the document to the Detained Person, and any record of the Detained Person's request for, or the opportunity provided to, consult counsel before signing. Produced Attorneys' Eyes Only.

11. <u>Complaints.</u> All written or recorded complaints or grievances by or on behalf of Detained People at the Miramar Facility (including by attorneys, family members, or Members of Congress) during the Relevant Time Period concerning conditions, medical care, access to counsel, or pressure to sign documents, and any response.

12. <u>Video and limited communications.</u> (a) Surveillance footage of each hold room, processing area, and telephone area of the Miramar Facility for: July 1, 2026 at 12:00 a.m. through July 3, 2026 at 11:59 p.m.; September 29, 2026 at 12:00 a.m. through October 1, 2026 at 11:59 p.m.; and October 2, 2026 at 12:00 a.m. through October 4, 2026 at 11:59 p.m., together with Documents sufficient to show the retention period of the surveillance system. (b) Communications during the Relevant Time Period sent or received by the Field Office Director, the Deputy Field Office Director, the Assistant Field Office Director responsible for the Miramar Facility, and the Supervisory Detention and Deportation Officers assigned to it, concerning Miramar Facility population, capacity, overcrowding, length of stay, conditions, medical emergencies, or legal access, identified using search terms to be agreed by the parties within three (3) days of the Order.

**INTERROGATORIES**

1. Identify all federal, state, and/or local government agencies that have legal custody over people detained at the Miramar Facility, and all federal, state, and/or local government agencies and contractors that are responsible for carrying out detention operations at the Miramar Facility, including whether, and in what capacity, CBP personnel perform functions there.

2. For each hold room or other area used to confine Detainees, state its dimensions, its design or rated capacity, the number of toilets and whether each is screened from view, whether a sleeping surface is provided, and the highest number of people confined in it on any day during the Relevant Time Period.

3. State whether You contend the Miramar Facility is a "holding facility" under the Directive; whether it operates on a "daily schedule" within the meaning of Directive § 5.1(1); whether You contend any other standard (including PBNDS 2011, NDS 2019, or the Waiver) governs any part of it; and whether any compliance assessment under Directive §§ 2.6 or 4.3(7) has been performed for it, and if so when.

4. Describe every means by which a Detained Person at the Miramar Facility may communicate with current or prospective counsel, and by which an attorney may locate, call, or visit a Detained Person, including any limits on frequency, duration, privacy, monitoring, or recording, and the date each means was put in place.

5. For each type of Removal-Related Document presented at the Miramar Facility during the Relevant Time Period, identify the form, the languages in which it is available, the job title of the personnel who present it, every procedure used to ensure that the Detained Person understands it and signs it voluntarily (including any opportunity to consult counsel before signing), and the number executed.

6. State whether any Detained Person's access to food, water, medication, clothing, a shower, a telephone call, or transfer or release from the Miramar Facility has been conditioned on, or linked to, the execution of a Removal-Related Document, and identify any investigation or discipline relating to any such report.

7. Identify by name and title each person with supervisory responsibility for day-to-day operations at the Miramar Facility during the Relevant Time Period, and each person who supplied information used to answer these Interrogatories.

**REQUEST FOR INSPECTION**

1. Plaintiffs request entry onto the Miramar Facility by no more than four attorneys, one conditions-of-confinement expert, one medical expert, one interpreter, and one photographer, on two occasions: one beginning during daytime hours and one beginning between 8:00 p.m. and 11:00 p.m. Each occasion is to occur within ten (10) days of the Order, on no less than 24 hours' written notice to Defendants' counsel, and each is to last no more than four hours.

2. The inspection shall include each area where Detainees are held, processed, searched, fed, provided medical care, or permitted to use a telephone or shower; each area used for attorney contact (if any); food and water storage; and the location of the hold-room monitoring equipment.

3. Plaintiffs may observe, measure (including room dimensions, temperature, and humidity), photograph, and video-record conditions, and may view, but not remove, postings, logs, and records physically located on site. Photographs and video shall be held Attorneys' Eyes Only for seven (7) days, during which Defendants may identify security-sensitive images or the faces of Detained Persons or staff for redaction or blurring, and the parties shall confer on any dispute.

4. Plaintiffs' counsel and experts may speak briefly with Detained Persons who voluntarily agree to do so, out of the hearing of staff, about conditions and access to counsel, and may leave contact information. No Detainee shall be required to speak. Plaintiffs will not interview staff absent agreement.

5. Plaintiffs will comply with reasonable security and escort instructions. Defendants shall not alter population levels, room assignments, or ordinary operations in anticipation of the inspection.

**NOTICE OF DEPOSITIONS**

1. Rule 30(b)(6) deposition of ICE (four hours, remote or in person), on: (a) the classification, operation, staffing, and chain of command of the Miramar Facility; (b) the policies and practices responsive to Request for Production 1; (c) the creation, maintenance, and contents of the Directive § 5.8 logs and the population data produced; (d) the physical plant, capacity, and any occupancy limits; (e) the means of Detained People's communication with counsel; and (f) the presentation and execution of Removal-Related Documents.

2. Deposition of the supervisory officer with day-to-day responsibility for the Miramar Facility, as identified in response to Interrogatory 7 (three hours).

Date: ________________

Respectfully submitted,

/s/ **AMERICANS FOR IMMIGRANT JUSTICE**
Paul Chavez (FL Bar No. 1021395)
Jennifer Smith (FL Bar No. 964514)
6355 NW 36th St, Ste. 309
Miami, FL 33166-7057
Phone: 305-573-1106
Fax: 305-576-6273
pchavez@aijustice.org
jsmith@aijustice.org

/s/ **SOUTHERN POVERTY LAW CENTER**
Anne Janet Anderson (FL Bar No. 18092)
Maite Garcia (FL Bar No. 99770)
Andrew Udelsman (FL Bar No. 1051696)
Courtney O'Donnell (pro hac vice)
P.O. Box 370037 Miami, FL 33137
Phone: 305-537-0589
Fax: 786-237-2949
annejanet.hernandez@splcenter.org
maite.garcia@splcenter.org
andrew.udelsman@splcenter.org
courtney.odonnell@splcenter.org