**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:26-cv-26911-BB

ORLANDO ROSALES SALMERON and
JOHN DOE, individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

MARKWAYNE MULLIN, *et al.*,

Defendants.
______________________________________/

**PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiffs Orlando Rosales Salmeron and John Doe move under Federal Rule of Civil Procedure 26(c) for entry of the proposed Privacy Act and Protective Order attached as Exhibit A ("Proposed Order"). Defendants oppose the motion, but they agree that a protective order should be issued. *See* ECF No. 27 at 2, 7 (Defendants stating that "[a] protective order, if necessary, is a less restrictive means of addressing any legitimate confidentiality concerns," and asking the Court to enter one). The disagreement is about terms.

The Proposed Order contains what most government protective orders contain: two confidentiality tiers, an authorization to produce material covered by the Privacy Act and the immigration confidentiality provisions, a qualified protective order for health information, a Rule 502(d) non-waiver provision, and sealing procedures that defer to Local Rule 5.4. Beyond those standard terms, it protects the identities of the detained people who give evidence, but allows Defendants to share those identities with a defined group of agency personnel who certify that they will use them only to respond to this case. And it states expressly that information obtained through

this lawsuit may not be used to detain, transfer, remove, or investigate the people who supplied it. Each protection answers a concrete risk in this record, and none deprives Defendants of information they would have had if this suit had never been filed.

## I. BACKGROUND

### A. The Litigation and the Witnesses

Plaintiffs challenge conditions of confinement, restrictions on access to counsel, and coercive practices used to obtain signatures on immigration documents at the ICE Enforcement and Removal Operations location in Miramar, Florida. ECF No. 1 ¶¶ 1–3. They allege that ICE has converted holding rooms, garages, and offices at a site it publicly presents as a check-in office into a makeshift detention facility, where people sleep on hard floors beside exposed toilets for days and even weeks. *Id.* ¶ 1. Plaintiffs' request for a preliminary injunction is pending. ECF No. 6.

The evidence in this case comes largely from people who are, or recently were, in Defendants' custody. Plaintiffs supported their request for preliminary relief with declarations from eight people who were detained at Miramar. ECF Nos. 6-2 to 6-9. One of them, Jane Doe, explains that she is "providing this declaration anonymously because I am afraid that ICE may retaliate against me or otherwise use my participation in this case against me." ECF No. 6-9 ¶ 1. Plaintiff John Doe and Declarant Jane Doe have moved to proceed under pseudonym, and both remain in ICE custody. ECF Nos. 18, 19; *see* ECF No. 27 at 2. ICE has already posted an incendiary post about Plaintiff Rosales Salmeron on public media, labeling him a "criminal illegal alien." ECF No. 18 at 7 & n.2.

Discovery and the preliminary-injunction proceedings will require access to the named Plaintiffs' and class members' custodial and medical records , facility logs and population counts,

video, and the accounts of detained and released witnesses. Much of that material is protected by the Privacy Act, 5 U.S.C. § 552a; by 8 U.S.C. § 1367(a)(2) and 8 C.F.R. §§ 208.6 and 1208.6; or by the HIPAA Privacy Rule, 45 C.F.R. Parts 160 and 164.

**B. The Proposed Order**

The Proposed Order provides two kinds of protection. The first is conventional. A Producing Party may designate Material as CONFIDENTIAL if it falls within enumerated categories, including Privacy Act material, personal identifiers, asylum and § 1367 information, medical information, and non-public law-enforcement information. Proposed Order ¶ 2(a). It may designate as ATTORNEYS' EYES ONLY security information that is not visible to detained people, and material whose disclosure to a party, as opposed to its counsel, could endanger someone or expose them to retaliation or enforcement action. *Id.* ¶ 3(a)–(b). A designation is a certification of good faith; it may be challenged at any time; and the Designating Party bears the burden of defending it. *Id.* ¶¶ 4(c), 13. The order authorizes production of Privacy Act and immigration-confidential information, operates as a HIPAA qualified protective order, and supplies a Rule 502(d) non-waiver provision. *Id.* ¶¶ 10, 16. It does not authorize sealing. *Id.* ¶ 11(a).

The second kind of protection concerns identity. "Protected Identity Information" is the true name and identifying information of any person proceeding under pseudonym, and of any detained person, or family member or associate of one, who has given information to Plaintiffs' counsel without filing a declaration under his or her true name. *Id.* ¶ 1(f). It is protected whether or not it is designated. *Id.* ¶ 3(c). Defendants' counsel may obtain the true identity of any pseudonymous person within five business days of a written request. *Id.* ¶ 7(a). Counsel may share that information with up to five named officers, employees, or attorneys of Defendants ("Designated Agency Personnel"). *Id.* ¶ 7(b)(ii). Each signs a certification promising to use the

information only to locate and review records relevant to this case, not to record anyone's participation in agency systems, and not to take part in detention, removal, or enforcement decisions about the people identified. *Id.* ¶ 7(d) & Ex. B. Others may be added by consent or court order. *Id.* ¶ 7(b)(iii).

Paragraph 8 limits all Protected Material to use in this litigation. *Id.* ¶ 8(a). It specifies that Protected Identity Information, and material produced by Plaintiffs or by detained witnesses, may not be used in removal, custody, or benefits proceedings; to initiate or support an investigation or enforcement action; in public statements; or as the basis for any adverse action. *Id.* ¶ 8(b). Information that Defendants obtain independently in the ordinary course of their operations is not restricted. *Id.* ¶ 8(c).

### C. Conferral

Plaintiffs have repeatedly attempted to negotiate with Defendants to arrive at a stipulated protective order. Defendants have indicated that they are unwilling to negotiate terms without court involvement. They state: "Defendants do not agree with Plaintiffs' proposed language and therefore respectfully request that the Court resolve the parties' competing positions and determine the appropriate terms of any protective order."

## II. LEGAL STANDARD

Rule 26(c) authorizes the Court, "for good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "specifying terms . . . for the disclosure or discovery" and "limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(B), (D). Good cause "generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). The standard "requires the district court to balance the party's

interest in obtaining access against the other party's interest in keeping the information confidential." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001); *see Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). A court may enter an umbrella order on a threshold showing of good cause and resolve disputes over particular material through a challenge procedure, as the Proposed Order provides. *Alexander Grant*, 820 F.2d at 356–57; Proposed Order ¶ 13.

## III. ARGUMENT

### A. Good Cause Supports a Protective Order, and Defendants Agree That One Should Issue.

Much of the Proposed Order should not be contested. Discovery from Defendants will include detainee records protected by the Privacy Act and by the immigration confidentiality provisions, which Defendants ordinarily object to producing absent the subject's consent or a court order. The Privacy Act permits disclosure "pursuant to the order of a court of competent jurisdiction," 5 U.S.C. § 552a(b)(11), and leaves the scope of discovery to Rule 26. *Laxalt v. McClatchy*, 809 F.2d 885, 888–90 (D.C. Cir. 1987). Medical records of detained people may be produced under a qualified protective order that confines their use to the litigation and requires their return or destruction at its end. 45 C.F.R. § 164.512(e)(1)(v); Proposed Order ¶¶ 10(d), 18(b). The Attorneys' Eyes Only tier protects Defendants' legitimate interest in non-public security infrastructure. Proposed Order ¶ 3(a). It also keeps that tier from swallowing the subject of this case: The hold rooms, their toilets, and their sleeping and seating arrangements are visible to everyone detained in them, so they cannot be designated as security information. *Id.*

Defendants have already told the Court that a protective order is the "less restrictive means of addressing any legitimate confidentiality concerns." ECF No. 27 at 2. They asked the Court to enter one permitting disclosure of Plaintiffs' identities to defense counsel "and to those agency personnel with a need to know for purposes of investigating the allegations, preparing a defense, and implementing any court order." *Id.* at 7. Good cause for an order is therefore common ground, and the question is which terms the Court should adopt.

**B. The Protected Identity Provisions Are Necessary and Narrowly Drawn.**

The people whose identities are at stake are in the custody of the agency they are suing. That agency decides where and in what conditions they are held, whether they are transferred, whether they are released, and when they are removed. Jane Doe has stated under penalty of perjury that she fears ICE will "use [her] participation in this case against [her]." ECF No. 6-9 ¶ 1. Courts deciding hold-room cases closely analogous to this one have found that fear reasonable and have acted on it. In the Baltimore hold-room litigation, the court allowed a detained declarant to proceed by pseudonym because he "raise[d] a reasonable fear that if such information were shared, he would face a risk of retaliation by ICE officials (including of re-detention)." *D.N.N. v. Liggins*, 822 F. Supp. 3d 543, 566 n.17 (D. Md. 2026). That court, the Southern District of New York, and the Northern District of California each included a non-retaliation provision in the relief it entered. *Id.* at 599 n.40; *Barco Mercado v. Mullin*, No. 25-cv-6568 (LAK), 2026 WL 2874458, at *25 (S.D.N.Y. Sept. 24, 2026); *Pablo Sequen v. Albarran*, 810 F. Supp. 3d 1084, 1135 (N.D. Cal. 2025).

Public exposure of pseudonymous individuals' identities would also chill additional witnesses from coming forward and participating in this lawsuit. *Seattle Times* upheld a protective order that the trial court had found "necessary to avoid the 'chilling effect' that dissemination would have on 'a party's willingness to bring his case to court.'" 467 U.S. at 27; *see id.* at 35

(discovery "may seriously implicate privacy interests of litigants and third parties"). The Eleventh Circuit applied the same reasoning to protect the names and addresses of nonparties who had given personal information to the Centers for Disease Control, because "disclosure of the names and addresses of these research participants could seriously damage this voluntary reporting." *Farnsworth*, 758 F.2d at 1547. And the Ninth Circuit, holding that a protective order properly barred inquiry into employees' immigration status, explained that fear of enforcement deters immigrants from asserting their rights, and that "[e]ven documented workers may be chilled." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064–65 (9th Cir. 2004).

Those concerns are sharper here because this case concerns present conditions at Miramar. Members of Plaintiffs' litigation team have spoken with dozens of individuals who were detained at Miramar, and fears of ICE retaliation are widespread. People who give testimony in this case assume that risk with little prospect of personal benefit; they participate primarily for the benefit of others. *See, e.g.*, ECF No. 6-8 ¶ 21 ("I am giving this declaration because I do not want any other woman to go through what I went through at the Miramar facility."); ECF No. 6-9 ¶ 38 ("I am providing this declaration because I do not want other people to experience what I experienced at Miramar."). Fewer people will be willing to take that risk without the protections in the Proposed Order, and the record on which the Court must decide the preliminary-injunction and class-certification motions will be thinner as a result.

**3. The provisions give Defendants what they say they need.**

The Proposed Order does not keep identities from Defendants. It controls who inside the agency receives them and for what purpose. Defendants' counsel may obtain the true name of any pseudonymous person on five business days' written request. Proposed Order ¶ 7(a). They may share it with up to five Designated Agency Personnel of their choosing, who may use it to locate and review the custodial, medical, and other records Defendants need to respond. *Id.* ¶ 7(b)(ii), (d).

If the defense requires more people, or a use the order does not contemplate, Defendants may ask Plaintiffs or the Court. *Id.* ¶ 7(b)(iii).

That structure tracks Defendants' own proposal. Defendants asked that disclosure be limited to "agency personnel with a need to know." ECF No. 27 at 5, 7. Plaintiffs agree with that principle, but a need-to-know limit without a mechanism to enforce it is only an aspiration. The Proposed Order supplies the mechanism. Defendants identify the individuals in advance; each certifies the limits on his or her use of the information; and Plaintiffs may object before disclosure to anyone whose duties would put the information to a forbidden use. Proposed Order ¶ 7(b)–(c) & Ex. B. The certification asks little of a person whose role is to support the defense: that they not record a person's participation in agency systems, not participate in custody or removal decisions concerning that person, and not represent the government in that person's immigration proceedings. *Id.* Ex. B ¶¶ 3–5. Those commitments are what give "need to know" meaning inside an agency whose ordinary business is detention and removal.

Paragraph 7(g)'s more restrictive treatment of Jane Doe, which keeps her identifying information with Plaintiffs' counsel and the Court, is temporary and procedural. Her motion to proceed by pseudonym is pending. ECF No. 19. It preserves the status quo while the Court decides that motion, and it allows Defendants to confer and then seek relief if they need her identity sooner. Proposed Order ¶ 7(g). In the meantime, Defendants can test her account of the conditions she describes against their own population counts, logs, and video.

**C. Paragraph 8 Applies the Standard Litigation-Only Limit Where It Matters Most.**

Restricting the use of discovery to the litigation in which it was obtained is the core function of a protective order. *See Seattle Times*, 467 U.S. at 34–36. The government routinely agrees to that restriction. *See, e.g.*, *Barco Mercado v. Noem*, No. 25-cv-6568 (LAK), ECF No. 124 ¶ 5 (S.D.N.Y. Dec. 9, 2025) (Protected Information "shall be used solely for the purposes of this action

and for no other purpose whatsoever”). Paragraph 8(a) states the same rule. Paragraph 8(b) explains what the rule means when the Receiving Party is the agency that detains and removes the people supplying the information. Litigation material may not be used in removal or custody decisions, to support an investigation or enforcement action, in public statements, or as a basis for adverse action. Proposed Order ¶ 8(b).

Paragraph 8 costs Defendants nothing they would otherwise have. *Seattle Times* drew the line the Proposed Order draws: A protective order may restrict the use of information obtained through the court’s processes, while a party “may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court’s processes.” 467 U.S. at 34. Paragraph 8(c) adopts that rule. Proposed Order ¶ 8(c). Defendants already hold the A-files, custody records, and enforcement histories of everyone who passes through Miramar, and nothing in the Proposed Order limits their use of that information in the ordinary course. Paragraph 8 forbids only the use of this lawsuit as a source of new leads. It does not enjoin anyone from enforcing the immigration laws, and it does not limit ICE’s authority to detain, release, or remove any person on the basis of information ICE obtains in the ordinary course.

Paragraph 15(b) closes the remaining gap. A request from a Defendant or another component of the Department of Homeland Security is not compulsory process, and no Defendant may seek process in another proceeding to obtain material that Paragraph 8 bars it from using. Proposed Order ¶ 15(b). Without that provision, the use restriction could be avoided by a request from one office of the agency to another.

**D. The Remaining Provisions Protect Both Sides.**

Several provisions protect Defendants as much as Plaintiffs. Designations must be made in good faith and may not be made for tactical purposes, and the party that made a designation must

defend it. Proposed Order ¶¶ 4(c), 13(c). While a motion for preliminary relief is pending, challenges proceed on a two-business-day schedule rather than five, *id.* ¶ 13(b), so that confidentiality disputes do not delay the hearing.

Paragraph 9 permits Plaintiffs to redact identifying information about class members, declarants, and witnesses whose disclosure could expose them to enforcement action. It requires redaction rather than withholding wherever redaction suffices, and it is subject to Defendants' right to obtain pseudonymous identities under Paragraph 7(a) and to prompt conferral and Court resolution of any objection. *Id.* ¶¶ 7(a), 9(b)–(d). It does not let Plaintiffs keep from Defendants information needed to test any claim or testimony; it requires Defendants to ask for it.

The Proposed Order also does not impair the public's right of access, on which Defendants relied in opposing pseudonymity. ECF No. 27 at 2 (citing *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007)). Discovery material that is not filed is neither a public document nor a judicial record, and no common-law right of access attaches to it. *Chi. Tribune*, 263 F.3d at 1311; *see Seattle Times*, 467 U.S. at 33. When Protected Material is filed, the Proposed Order requires redaction rather than wholesale sealing where practicable and leaves every sealing decision to the Court under Local Rule 5.4. Proposed Order ¶ 11.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant this motion and enter the Proposed Order attached as Exhibit A.

Respectfully submitted,

*/s/ Paul R. Chavez*
**Paul R. Chavez** (FL Bar No. 1021395)
pchavez@aijustice.org
**Jennifer Smith** (FL Bar No. 964514)
jsmith@aijustice.org

*/s/ Anne Janet Anderson*
**Anne Janet Anderson** (FL Bar No. 18092)
annejanet.hernandez@splcenter.org
**Maite Garcia** (FL Bar No. 99770)
maite.garcia@splcenter.org

AMERICANS FOR IMMIGRANT JUSTICE
P.O. Box No 520037
2200 NW 72nd Ave.
Miami, FL 33152
Phone: 305-573-1106

*Attorneys for Plaintiffs*

**Andrew Udelsman** (FL Bar No. 1051696)
andrew.udelsman@splcenter.org
**Jeanette Ynfante** (*pro hac vice*)
jeanette.ynfante@splcenter.org
**Courtney O'Donnell** (*pro hac vice*)
courtney.odonnell@splcenter.org
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
Phone: 305-537-0589

*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3) and Federal Rule of Civil Procedure 26(c)(1), undersigned counsel certifies that Plaintiffs' counsel conferred with counsel for Defendants by email and phone on November 5, 2026, in a good-faith effort to resolve the issues raised in this motion without court action. Defendants oppose the relief requested.

*/s/ Andrew Udelsman*
Andrew Udelsman