**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:26-cv-26911-BB

ORLANDO ROSALES SALMERON and
JOHN DOE, individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

MARKWAYNE MULLIN, *et al.*,

Defendants.
_______________________________________/

# PRIVACY ACT AND PROTECTIVE ORDER

THIS CAUSE is before the Court upon Plaintiffs' Motion for Entry of Privacy Act and Protective Order, ECF No. [__] ("Motion"). The Court has carefully considered the Motion, Defendants' Response, ECF No. [__], Plaintiffs' Reply, ECF No. [__], the record in this case, and the applicable law, and is otherwise fully advised.

This action challenges conditions of confinement, access to counsel, and related practices at the U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations location at 2805 SW 145th Avenue, Miramar, Florida 33027 ("Miramar"). Discovery and other exchanges of information in this action are likely to involve information protected by the Privacy Act of 1974, 5 U.S.C. § 552a; by 8 U.S.C. § 1367(a)(2) and 8 C.F.R. §§ 208.6 and 1208.6; and by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164. They are also likely to involve sensitive law-enforcement information and the identities of noncitizens, many of them in Defendants' custody, who have participated or may participate in this action as parties, declarants, or witnesses. Plaintiffs have moved for leave for Plaintiff John

Doe and Declarant Jane Doe to proceed under pseudonym based on their fear of retaliation. *See* ECF Nos. 18, 19.

The Court finds that good cause exists under Federal Rule of Civil Procedure 26(c) to permit the exchange of this information while protecting it from use or disclosure outside this litigation. Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, ECF No. [__], is **GRANTED**. The following terms govern this action.

1. Definitions. As used in this Order:

(a) "Action" means this case, Case No. 1:26-cv-26911-BB, including any appeal.

(b) "Party" means any Plaintiff or Defendant. "Non-Party" means any other person or entity.

(c) "Material" means any document, electronically stored information, tangible thing, testimony, or other information, in any form, that is produced, disclosed, or exchanged in this Action, whether in formal discovery, in response to a Court order, informally between counsel, in settlement discussions, or in connection with any motion or hearing. Material includes unredacted versions of documents filed in redacted or pseudonymous form and information disclosed under any order concerning pseudonymity. Material also includes all copies, excerpts, summaries, and compilations of Material, and any testimony, conversation, or presentation that reveals it.

(d) "Producing Party" means a Party or Non-Party that produces or discloses Material. "Receiving Party" means a Party that receives Material. "Designating Party" means a Party or Non-Party that designates Material under this Order.

(e) "Protected Material" means Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order, together with all Protected Identity Information, whether or not designated.

(f) "Protected Identity Information" means (i) the true name of, and any other information that identifies or could reasonably be used to identify, any person whom the Court has permitted to proceed in this Action under a pseudonym, or who has moved for that leave and has not been denied it, including that person's A-number, date of birth, nationality, address, telephone number, photograph, and the identity of any family member; (ii) the same information concerning any current or formerly detained person, or any family member, friend, or associate of a detained person, who has provided information to Plaintiffs' counsel in connection with this Action and has not filed a declaration under his or her true name; and (iii) the fact that any person described in clause (i) or (ii) has participated in this Action or communicated with Plaintiffs' counsel. Protected Identity Information does not include the name of a Party who has appeared in this Action under his or her true name.

(g) "Designated Agency Personnel" has the meaning given in Paragraph 7(b)(ii).

2. <u>Confidential Information</u>.

(a) A Producing Party may designate Material as "CONFIDENTIAL" if it believes in good faith that the Material is not in the public domain, or is improperly in the public domain, and that it falls within one or more of the following categories:

(i) information that the Privacy Act, 5 U.S.C. § 552a, prohibits from disclosure absent the written consent of the individual to whom it pertains or an order of a court of competent jurisdiction;

(ii) information that the Privacy Act would prohibit from disclosure if the individual to whom it pertains were a U.S. citizen or lawful permanent resident;

(iii) personally identifying information of any individual currently or formerly in the custody of the U.S. Department of Homeland Security, including name, date of birth, country of origin, A-number, Social Security number, passport or other identification number, address, telephone number, email address, and financial information;

(iv) information protected from disclosure by 8 U.S.C. § 1367(a)(2) or 8 C.F.R. §§ 208.6 or 1208.6, including information indicating that an individual has applied for asylum, withholding of removal, or protection under the Convention Against Torture, and information concerning any credible fear or reasonable fear determination;

(v) medical or mental health information concerning any individual, including protected health information as defined in 45 C.F.R. § 160.103;

(vi) personal contact information, home addresses, and personal identifying numbers of federal employees and contractors, and the names of non-supervisory employees and contractors whose duties do not ordinarily involve interaction with the public or with detainees;

(vii) law-enforcement information whose disclosure could reasonably be expected to (A) interfere with an ongoing enforcement proceeding or investigation, (B) disclose the identity of a confidential source, (C) disclose nonpublic law-enforcement techniques, procedures, or guidelines where disclosure could

reasonably be expected to risk circumvention of the law, or (D) endanger the life or physical safety of any person;

(viii) tax returns, financial records, and personnel or employment records of any person; or

(ix) other sensitive personal information of any individual that the Producing Party has maintained in confidence.

(b) Information that is lawfully available to the public may not be designated as Protected Material.

3. Attorneys' Eyes Only.

(a) Security information. A Producing Party may designate as "ATTORNEYS' EYES ONLY" Material that qualifies for designation under Paragraph 2 and whose disclosure to persons other than those identified in Paragraph 6 would reveal security infrastructure or security procedures at a facility that are not visible or otherwise known to persons detained there, or could reasonably be expected to endanger the life or physical safety of any person. Material depicting or describing areas, features, or conditions that are visible or otherwise known to persons detained at Miramar, including the hold rooms and their toilet, sleeping, and seating facilities, shall not be designated under the first sentence of this subparagraph.

(b) Risk of retaliation or enforcement. A Producing Party may designate as "ATTORNEYS' EYES ONLY" Material that qualifies for designation under Paragraph 2 and whose disclosure to a Party, as opposed to its counsel, could reasonably be expected to endanger the life or physical safety of any person or to expose any person or his or her

family to retaliation, immigration enforcement action, or other serious adverse consequences.

(c) Protected Identity Information. Protected Identity Information need not be marked. It may be disclosed only as provided in Paragraph 7, which controls over Paragraph 6.

4. Manner and Timing of Designation.

(a) A Producing Party shall designate a document by marking each page that contains Protected Material "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" in a manner that does not interfere with legibility. For electronic information that cannot practicably be marked, the file name shall begin with the designation. For interrogatory answers and responses to requests for admission, the designation shall appear within each answer or response that contains Protected Material. A Producing Party shall designate only those portions of Material that qualify and shall not make blanket designations unless it contends in good faith that an entire document qualifies.

(b) Designations shall be made at or before the time of production. Material made available for inspection before copying shall be treated as ATTORNEYS' EYES ONLY during the inspection and shall be designated when copies are produced.

(c) A designation is a certification by counsel for the Designating Party that, after reasonable inquiry, counsel believes in good faith that the Material qualifies for the designation made. No Party shall designate Material for tactical purposes.

(d) Deposition testimony may be designated on the record or by written notice, served within fourteen (14) days after the final transcript is delivered, identifying the pages

and lines designated. Until that period expires, the entire transcript shall be treated as ATTORNEYS' EYES ONLY. Testimony that reveals Protected Identity Information is protected whether or not it is designated. The court reporter shall separately bind designated portions of the transcript. Only persons authorized to receive the Protected Material at issue may be present while testimony concerning it is taken.

(e) A Non-Party may designate Material it produces in this Action and shall then have the rights and obligations of a Designating Party under this Order.

(f) All copies of Protected Material shall bear the original designation. Indices, databases, and lists of documents that do not reveal the substance of Protected Material need not be marked.

5. <u>Persons Authorized to Receive Confidential Material</u>. Unless the Designating Party consents in writing or the Court orders otherwise, Material designated CONFIDENTIAL may be disclosed only to:

(a) counsel of record for the Parties; other attorneys of the U.S. Department of Justice, and attorneys employed by a Defendant agency, who are assisting counsel of record in the defense of this Action; other attorneys of the organizations representing Plaintiffs who are assisting in this Action; and the paralegals, staff, and contractors of those attorneys who are assisting in this Action;

(b) the individual named Plaintiffs;

(c) officers and employees of Defendants, to the extent counsel for Defendants determines in good faith that their assistance is reasonably necessary to the defense of this Action;

(d) the Court and its personnel, any appellate court and its personnel, and jurors;

(e) court reporters, videographers, interpreters, translators, and vendors engaged for copying, document processing, or electronic discovery, each of whom has agreed to be bound by this Order;

(f) experts, consultants, and investigators retained by a Party or its counsel for this Action, and their staff, each of whom has signed Exhibit A;

(g) witnesses at a deposition or hearing to whom disclosure is reasonably necessary and who have signed Exhibit A, provided that witnesses shall not retain copies of Protected Material except to review their transcripts under the supervision of counsel;

(h) the author or a recipient of the Material, or a person who lawfully knew the information other than through this Action;

(i) current or formerly detained people, and their attorneys, family members, friends, and associates, whom a Party's counsel interviews in investigating the claims or defenses in this Action, to the extent disclosure of particular Confidential Material is reasonably necessary to the interview and after the person has signed Exhibit A, provided that such persons shall not retain any copy of Protected Material;

(j) mediators engaged by the Parties or appointed by the Court; and

(k) other persons, by written consent of the Designating Party or order of the Court.

6. Persons Authorized to Receive Attorneys' Eyes Only Material. Unless the Designating Party consents in writing or the Court orders otherwise, Material designated ATTORNEYS' EYES ONLY may be disclosed only to:

(a) counsel of record for the Parties; other attorneys of the U.S. Department of Justice who are assisting counsel of record in the defense of this Action; other attorneys of

the organizations representing Plaintiffs who are assisting in this Action; and the paralegals and staff of those attorneys who are assisting in this Action;

(b) experts and consultants retained by a Party or its counsel for this Action, and their staff, each of whom has signed Exhibit A;

(c) the Court and its personnel, any appellate court and its personnel, and jurors;

(d) court reporters, videographers, interpreters, translators, and vendors described in Paragraph 5(e);

(e) witnesses at a deposition to whom disclosure is reasonably necessary, provided that counsel seeking to make the disclosure gives the Designating Party at least two (2) business days' notice, or as much notice as is practicable, and the witness signs Exhibit A and does not retain any copy, and the witness shall not receive the Material until the Designating Party has had a reasonable opportunity to object and, if an objection is made, until the objection is resolved by agreement or Court order;

(f) the author or a recipient of the Material; and

(g) other persons, by written consent of the Designating Party or order of the Court.

7. <u>Protected Identity Information</u>.

(a) <u>Disclosure on request</u>. If Defendants' counsel of record need the true identity of a person proceeding in this Action under a pseudonym to respond to that person's claims or testimony, they may request it in writing. Within five (5) business days after receiving the request, Plaintiffs shall either disclose the identity to Defendants' counsel of record or, after conferring, seek relief from the Court.

(b) <u>Recipients</u>. Protected Identity Information may be disclosed only to:

(i) the persons described in Paragraph 6(a), (c), and (d);

(ii) no more than five (5) officers, employees, or attorneys of Defendants ("Designated Agency Personnel") whom Defendants' counsel of record identifies to Plaintiffs' counsel in writing, by name, title, and office, at least three (3) business days before disclosure, and each of whom has signed Exhibits A and B, copies of which shall accompany the notice, and Designated Agency Personnel may receive only the Protected Identity Information reasonably necessary to locate and review records relevant to the claims, defenses, or evidence in this Action; and

(iii) other persons, by written consent of Plaintiffs' counsel or order of the Court.

(c) Objection. Plaintiffs may object in writing to the designation of any proposed Designated Agency Personnel within the notice period in Paragraph 7(b)(ii). If Plaintiffs object, no Protected Identity Information shall be disclosed to that person until the objection is resolved by agreement or by the Court.

(d) Limits on use by Designated Agency Personnel. Designated Agency Personnel may use Protected Identity Information only to locate and review records needed to respond to the claims, defenses, or evidence in this Action. They shall not enter, record, or annotate in any agency record, database, or case-management system the fact that any person has participated in this Action, other than in litigation files maintained by or for counsel.

(e) Filings and hearings. In filings and in open court, the Parties shall refer to persons proceeding under pseudonym only by their pseudonyms. Protected Identity

Information shall not be filed on the public docket or disclosed in open court without leave of Court. Any filing that requires it shall be made in accordance with Paragraph 11(b).

(f) Relationship to pseudonymity orders. This Order supplements, and does not modify, any order of the Court concerning pseudonymity.

(g) Special Protections for Declarant Jane Doe. Notwithstanding any other provision of this Order permitting disclosure of Protected Identity Information, Protected Identity Information concerning Declarant Jane Doe shall be disclosed only to Plaintiffs' counsel, the Court and its personnel, and any appellate court and its personnel, absent further order of the Court. If Defendants' counsel of record seek disclosure of such information, the Parties shall confer in good faith, and Defendants may seek relief from the Court if necessary. Any agreement by Plaintiffs to disclosure shall be limited to DOJ attorneys directly representing Defendants in this Action, subject to appropriate restrictions on use and further disclosure, and shall not authorize disclosure to Defendants themselves or Designated Agency Personnel under Paragraph 7(b)(ii).

8. Use of Protected Material.

(a) Litigation purposes only. Protected Material shall be used solely for prosecuting, defending, or attempting to settle this Action, and for no other purpose.

(b) No enforcement use or adverse action. Without limiting Paragraph 8(a), no Party, and no officer, employee, agent, contractor, or attorney of a Party, shall use Protected Identity Information, or Protected Material produced by Plaintiffs or by any Non-Party detained person or witness: (i) in any removal, bond, custody, parole, or immigration-benefits proceeding, or in making any decision regarding the detention, custody, transfer, release, or removal of any person; (ii) to initiate, support, or inform any investigation,

arrest, prosecution, or other enforcement action; (iii) in any public statement, including any statement on social media; or (iv) as a basis for any adverse action against any person.

(c) Independently obtained information. This Order does not restrict a Party's use of information that it obtained independently of this Action in the ordinary course of its operations. A Party relying on this subparagraph bears the burden of establishing that the information was independently obtained. The fact that a person has participated in this Action shall not be treated as independently obtained unless it appears on the public docket. Information shall not be deemed independently obtained merely because it is contained in an agency record or database, if the person relying on the information learned of, accessed, or used it through this Action.

(d) Designating Party's own Material. A Designating Party may use or disclose its own Protected Material for any purpose, and such use does not waive protection unless it places the Material in the public domain. This subparagraph does not permit any use of Protected Identity Information, or of the fact of any person's participation in this Action, contrary to Paragraph 8(b).

(e) Disclosure required by law. Disclosure of Protected Material in response to compulsory process is governed by Paragraph 15.

9. Plaintiffs' Redaction and Withholding of Identifying Information.

(a) Subject to Paragraph 7(a), Plaintiffs may redact or withhold information concerning a Plaintiff, putative class member, declarant, or witness, or concerning his or her family members, friends, or associates, to the extent its disclosure could prejudice that person in actual or potential civil, criminal, or administrative enforcement proceedings, or could subject that person to immigration enforcement action. Such information includes

immigration status, information about an immigration case, address, name, date of birth, country of origin, A-number, family members, employer or employment status, and other personally identifying information.

(b) Plaintiffs shall redact Material covered by this Paragraph rather than withhold it in full, unless redaction cannot reasonably protect the covered information.

(c) Redactions and withholdings under this Paragraph shall be indicated by the notation "P.O. ¶ 9," or by invoking this Paragraph on the record at a deposition. No log of such redactions or withholdings is required.

(d) If Defendants object to a redaction or withholding under this Paragraph, or seek disclosure of the redacted or withheld information, they shall confer with Plaintiffs within five (5) business days. If the Parties cannot agree, Defendants may seek relief from the Court. The information shall remain redacted or withheld pending agreement or Court order.

10. <u>Privacy Act, Immigration Confidentiality Provisions, and Protected Health Information</u>.

(a) Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes Defendants to produce in this Action information that would otherwise be protected by the Privacy Act, without first presenting Privacy Act objections to the Court. This Order constitutes an order of a court of competent jurisdiction for purposes of that provision.

(b) To the extent that 8 U.S.C. § 1367 and 8 C.F.R. §§ 208.6 and 1208.6 permit disclosure of protected information in connection with judicial proceedings or pursuant to court order, this Order authorizes such disclosure in this Action.

(c) Nothing in this Paragraph requires production of information that is protected from disclosure by any other privilege, statute, or regulation. This Order does not determine whether any Material is discoverable, admissible, or properly part of an administrative record.

(d) This Order is a qualified protective order within the meaning of 45 C.F.R. § 164.512(e)(1)(v). Protected health information disclosed in this Action shall be treated as CONFIDENTIAL, shall be used and disclosed only for purposes of this Action, and shall be returned or destroyed, together with all copies, at the conclusion of this Action as provided in Paragraph 18.

11. Filing Under Seal.

(a) This Order does not, by itself, authorize the filing of any Material under seal. Any motion to seal shall comply with Local Rule 5.4 and the Court's procedures. The Parties shall use redaction rather than wholesale sealing whenever practicable, consistent with the public's right of access to judicial records.

(b) Any Party filing Material that contains Protected Identity Information shall file a public version that redacts that information or substitutes pseudonyms. If the unredacted information is necessary to the filing, the filing Party shall move under Local Rule 5.4 for leave to file the unredacted version under seal.

(c) A Party seeking to file Protected Material designated by another Party or Non-Party shall give the Designating Party written notice at least two (2) business days before the filing, or as much notice as is practicable if a filing deadline does not permit that notice. If the Designating Party so requests, the filing Party shall file a public version redacting the Protected Material and shall move under Local Rule 5.4 for leave to file the unredacted

version under seal, stating in the motion that it is made at the Designating Party's request. Within three (3) business days after that motion is filed, the Designating Party shall file a memorandum setting out the basis for sealing. If the Designating Party fails to do so, the Court may deny the motion to seal.

12. Use at Hearings and Trial. A Party that reasonably anticipates using Protected Material designated by another Party or Non-Party at a hearing shall give the Designating Party notice at least forty-eight (48) hours before the hearing, or as much notice as is practicable, so that the Designating Party may seek appropriate protection from the Court. The use of Protected Material at trial shall be addressed in the pretrial stipulation or by motion. Nothing in this Order limits the Court's authority to conduct hearings and trial as it deems appropriate.

13. Challenges to Designations.

(a) A Party may challenge a designation at any time. A Party does not waive a challenge by failing to make it promptly after the designation.

(b) The challenging Party shall give the Designating Party written notice identifying the challenged Material and the basis for the challenge. Within five (5) business days after receiving that notice, the Designating Party shall withdraw the designation or explain its basis in writing, and the Parties shall confer in good faith. While a motion for a temporary restraining order or preliminary injunction is pending, that period is two (2) business days.

(c) If the Parties cannot resolve the challenge, the challenging Party may seek relief from the Court in accordance with the Local Rules and the discovery procedures of the presiding judge. The Designating Party bears the burden of establishing that the designation is proper.

(d) Challenged Material shall be treated as designated until the Court rules.

14. Inadvertent Failure to Designate; Unauthorized Disclosure.

(a) An inadvertent failure to designate Material does not, by itself, waive protection. A Producing Party may correct the failure by written notice and by producing copies bearing the correct designation. The Receiving Party shall then treat the Material as designated and shall make reasonable efforts to retrieve copies disclosed to persons not authorized to receive them. No Party violates this Order by disclosing Material before receiving such notice, except that Protected Identity Information is protected whether or not it is designated.

(b) If a Receiving Party learns that it has disclosed Protected Material to a person not authorized by this Order to receive it, the Receiving Party shall promptly (i) notify the Designating Party in writing of all pertinent facts; (ii) use its best efforts to retrieve all copies; (iii) inform the recipient of the terms of this Order and request that the recipient sign Exhibit A; and (iv) take all reasonable steps to prevent further disclosure. If the disclosure involves Protected Identity Information, the notice shall be given within one (1) business day and shall identify each person to whom the information was disclosed.

15. Subpoenas and Other Compelled Disclosure.

(a) If a Receiving Party, or any officer, employee, agent, or contractor of a Receiving Party, is served with a subpoena, court order, or other compulsory process issued in any other proceeding, including any civil, criminal, administrative, or immigration proceeding, that would compel disclosure of Protected Material, the Receiving Party shall (i) notify the Designating Party in writing within three (3) business days and enclose a copy of the process; (ii) promptly inform the person who caused the process to issue, in writing,

that the Material is subject to this Order, and provide a copy of this Order; and (iii) not produce the Material before the date compliance is required or, if the Designating Party timely seeks protection, before that request is resolved, unless a court orders otherwise. The Designating Party bears the burden and expense of seeking protection in the issuing forum. Nothing in this Order authorizes any person to disobey a lawful order of another court.

(b) A request, demand, or directive from a Defendant, from any other component of the U.S. Department of Homeland Security, or from any other agency of the United States is not compulsory process under this Paragraph and does not authorize any disclosure of Protected Material that this Order otherwise prohibits. No Defendant shall seek compulsory process in any other proceeding to obtain Protected Material that Paragraph 8 bars it from using.

16. Privilege and Federal Rule of Evidence 502(d). Pursuant to Federal Rule of Evidence 502(d), the production of Material protected by the attorney-client privilege, the work-product doctrine, or any other privilege or protection, whether inadvertent or otherwise, does not waive that privilege or protection in this Action or in any other federal or state proceeding. On written notice from the Producing Party, the Receiving Party shall proceed as provided in Federal Rule of Civil Procedure 26(b)(5)(B). The Receiving Party may challenge the claim of privilege or protection, but not on the ground that the Material was produced. Nothing in this Order limits a Party's right to review Material for privilege, responsiveness, or protection before producing it.

17. Acknowledgments.

(a) Each person required by this Order to sign Exhibit A or Exhibit B shall do so before receiving Protected Material. Exhibit A may be translated into, and signed in, a

language the signatory understands, or may be read to the signatory by an interpreter who completes the interpreter's certification.

(b) Counsel who obtains a signed acknowledgment shall retain it for three (3) years after the conclusion of this Action. Acknowledgments signed by experts shall be produced on request after the expert is disclosed under Federal Rule of Civil Procedure 26(a)(2). Acknowledgments signed by current or former detainees, their family members, friends, or associates, or other Non-Party witnesses interviewed by Plaintiffs' counsel need not be produced to any other Party except on order of the Court for good cause shown, and any such order may provide for production in redacted or pseudonymous form.

18. Conclusion of the Action.

(a) This Order survives the conclusion of this Action. The Court retains jurisdiction to enforce it and to impose sanctions for its violation.

(b) Within sixty (60) days after the final disposition of this Action, including any appeal, each Receiving Party shall return or destroy all Protected Material received from another Party or Non-Party, and shall certify in writing to the Designating Party that it has done so. Counsel may retain one copy of filings, transcripts, exhibits, correspondence, and attorney work product, which shall remain subject to this Order. Notwithstanding that retention, each Receiving Party shall return or destroy all protected health information and all Protected Identity Information received from another Party or Non-Party, including all copies.

(c) Material filed under seal shall be disposed of in accordance with Local Rule 5.4 and any order of the Court.

19. Miscellaneous.

(a) This Order is entered to facilitate the exchange of information. It does not determine whether any particular Material is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise, and it does not waive any Party's objections, privileges, claims, or defenses.

(b) This Order may be modified by the Court on its own initiative or on motion of a Party or other person with standing.

(c) This Order binds the Parties, their counsel, and the officers, employees, agents, and contractors of each, and every person who receives Protected Material under it.

**DONE AND ORDERED** in Chambers at Miami, Florida, on _______________, 2026.

_________________________________
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:26-cv-26911-BB

ORLANDO ROSALES SALMERON and
JOHN DOE, individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

MARKWAYNE MULLIN, *et al.*,

Defendants.
_________________________________________/

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ________________________________, state as follows:

1. I have read, or have had read to me in a language I understand, the Privacy Act and Protective Order entered in *Rosales Salmeron v. Mullin*, No. 1:26-cv-26911-BB (S.D. Fla.) ("Order").

2. I understand the Order and agree to be bound by it. I will use Protected Material only for purposes of this case, and I will not disclose it to anyone except as the Order permits.

3. I will not keep any copy of Protected Material unless the Order allows me to do so, and I will return or destroy any Protected Material I have when this case ends or when I am asked to do so.

4. I submit to the jurisdiction of the United States District Court for the Southern District of Florida for purposes of enforcing the Order. I understand that violating the Order may result in punishment for contempt of court.

Signature: ________________________________

Printed name: _____________________________

Date: ____________________________________

Title and employer (if applicable): ________________________________

Business address (if applicable): ________________________________

**Interpreter's Certification**

(Complete only if this Acknowledgment was translated or read to the signatory in a language other than English.)

I, _______________________________, certify that I am competent to interpret between English and _____________________, and that I translated or read this Acknowledgment to the signatory in that language before the signatory signed it.

Signature: ________________________________

Date: ____________________________________

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:26-cv-26911-BB

ORLANDO ROSALES SALMERON and
JOHN DOE, individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

MARKWAYNE MULLIN, *et al.*,

Defendants.
_____________________________________________/

**CERTIFICATION OF DESIGNATED AGENCY PERSONNEL**

I, _______________________________, employed as

_______________________________ in _______________________________, certify as follows:

1. I have signed Exhibit A to the Privacy Act and Protective Order entered in this case ("Order").

2. I will use Protected Identity Information only to locate and review records needed to respond to the claims, defenses, or evidence in this case.

3. I will not participate in any decision regarding the detention, custody, transfer, release, or removal of, or in any investigation or prosecution of, any person whose Protected Identity Information is disclosed to me. If I am assigned any such matter, I will recuse myself and promptly notify counsel of record for Defendants.

4. I do not, and will not, represent the United States in any removal, bond, custody, or immigration-benefits proceeding concerning any person whose Protected Identity Information is disclosed to me.

5. I will not enter, record, or annotate in any agency record, database, or case-management system the fact that any person has participated in this case, other than in litigation files maintained by or for counsel.

6. I will not disclose Protected Identity Information to anyone other than counsel of record for Defendants and other Designated Agency Personnel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. 28 U.S.C. § 1746.

Signature: ________________________________

Printed name: _____________________________

Date: ____________________________________