**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ORLANDO ROSALES SALMERON, et. al.,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, et. al.,

*Defendants*.

Civil Action No. 1:26-cv-26911-BB

Judge Beth Bloom

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Defendants respectfully oppose Plaintiffs' Motion for Expedited Discovery (ECF 32). Plaintiffs seek authorization to serve broad written discovery, obtain two facility inspections on 24 hours' notice, take two depositions, and receive weekly population updates, all before the parties have held a Fed. R. Civ. P. 26(f) conference and while a preliminary injunction hearing is imminent and already set for November 19, 2026. Plaintiffs have not shown the good cause required by Fed. R. Civ. P. 26(d)(1) to depart from the ordinary sequence of discovery. The motion is also moot. It should be denied.

## I. BACKGROUND

Plaintiffs filed this putative class action on October 2, 2026, challenging conditions of confinement at the ICE Enforcement and Removal Operations location in Miramar, Florida (the "Miramar Facility"). On October 5, 2026, they filed an expedited motion for a temporary

restraining order and preliminary injunction (ECF 6). The Court denied the TRO request on October 16, 2026, and set a hearing on the preliminary injunction motion for November 19, 2026 (ECF 30). Defendants filed their opposition to the preliminary injunction motion on November 4, 2026 (ECF 29), supported by declarations.

On November 6, 2026, Plaintiffs filed the present motion seeking expedited discovery under Fed. R. Civ. P. 26(d)(1) after having raised the issue of expedited discovery with Defendants' counsel only one day before despite it being quite obvious from the level of detail in the motion that it was contemplated well before-hand. The Court ordered Defendants to respond by November 13, 2026 (ECF 39). The parties have not held a Fed. R. Civ. P. 26(f) conference, and no scheduling order has been entered.

The discovery Plaintiffs propose is set out in Exhibit 1 to the motion. *See* Mot. for Expedited Discovery, Ex. 1, ECF No. 32-1. It includes numerous requests for production and interrogatories covering policies, population and length-of-stay data from June 1, 2026, physical plant information, medical and 911 data, access to counsel records, executed removal related documents, complaints, and limited surveillance video (ECF No. 32-1 at 7-10). Plaintiffs also seek two Fed. R. Civ. P. 34(a)(2) site inspections (one daytime and one evening) on 24 hours' notice (ECF No. 32-1 at 12), a four-hour Fed. R. Civ. P. 30(b)(6) deposition (ECF No. 32-1 at 13), a three-hour deposition of a supervisory officer (ECF No. 32-1 at 13), and weekly population updates through the preliminary injunction hearing (ECF No. 32-1 at 9). Responses would be due within seven days of an order to justify its being useful to the November 19th hearing. Even if an order granting Plaintiffs' motion were to be issued the day this response is due, much the requested discovery could likely not occur in time for the November 19th hearing.

Critically, no class has been certified. In addition, neither the named Plaintiffs nor the individuals who submitted declarations in support of the preliminary injunction motion remain detained at the Miramar Facility. As Assistant Field Officer Director Angel A. Cata stated:

> The named plaintiffs and individuals who submitted declarations in support of the motion have described periods of detention that have already ended and have not alleged that they remain at the Miramar facility.

*See* Decl. of Angel A. Cata ¶ 29 (ECF 29-1 at 4).

The discovery Plaintiffs now seek is not limited to the periods those individuals allege to have observed conditions at Miramar. Plaintiffs propose a "Relevant Time Period" beginning June 1, 2026, and a "Policy Period" beginning October 1, 2025. *See* ECF 32-1 at 4. By contrast, the earliest date any named Plaintiff or declarant has claimed to have been detained at Miramar is July 25, 2026, with the named Plaintiffs' claimed periods falling in late September 2026. Those periods have ended. Plaintiffs therefore seek expedited discovery covering weeks and months that none of the individuals presently before the Court claim to have experienced.

Compounding these problems, Plaintiffs have refused to disclose the true name of Plaintiff John Doe, a named plaintiff in this action. Defendants have repeatedly requested the name so they can identify the individual in ICE systems, confirm the claimed dates and circumstances of his detention, and investigate the specific allegations he has made. Plaintiffs have declined to provide it. Plaintiffs have likewise declined to identify Jane Doe, a declarant who submitted a declaration in support of the preliminary injunction motion. As a result, Defendants have been deprived of any meaningful opportunity to investigate the claims of a named plaintiff (John Doe) or the declarant (Jane Doe) before being asked to produce broad discovery, permit facility inspections, and sit for depositions on an expedited basis.

## II. LEGAL STANDARD

Fed. R. Civ. P. 26(d)(1) provides that a party "may not seek discovery from any source before the parties have conferred as required by Fed. R. Civ. P. 26(f), except . . . when authorized by these rules, by stipulation, or by court order." A party seeking early discovery must show good cause. *St. Jude Med. S.C., Inc. v. Biosense Webster, Inc.*, No. 6:13-cv-333-Orl-28, 2013 WL 1502184, at *1 (M.D. Fla. Apr. 12, 2013). Courts in this Circuit evaluate good cause by weighing the need for expedited discovery against the prejudice to the responding party and by considering factors that include (1) whether a motion for preliminary injunction is pending, (2) the breadth of the requested discovery, (3) the reasons for requesting expedited discovery, (4) the burden on the opponent, and (5) how far in advance of the normal discovery process the request is made. *Id.* at *1; *In re Chiquita Brands Int'l, Inc.*, No. 08-01916-MD, 2015 WL 12601043, at 3–4 (S.D. Fla. Apr. 7, 2015). Expedited discovery is the exception, not the rule.

## III. ARGUMENT

### A. The Motion Is Moot Because No Class Has Been Certified and Neither the Named Plaintiffs nor the Declarants Are Currently Detained at Miramar.

Plaintiffs seek expedited discovery concerning conditions at the Miramar Facility for use at the November 19 preliminary injunction hearing. The motion is moot.

No class has been certified. Plaintiffs therefore cannot obtain discovery on behalf of a putative class of people currently or prospectively detained at Miramar. *See* Fed. R. Civ. P. 23; *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) (class certification is a prerequisite to classwide relief). The only plaintiffs before the Court are the two named individuals.

Those named Plaintiffs, and the other individuals who submitted declarations in support of the preliminary injunction motion, are no longer detained at the Miramar Facility. *See* Decl. of

Angel A. Cata ¶ 29 (ECF 29-1). Their periods of confinement have ended. A plaintiff who is no longer subject to the challenged conditions lacks a present stake in prospective injunctive relief directed at those conditions. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105–07 (1983); *see also Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) (mootness where the challenged conduct no longer affects the plaintiff). They have no present interest in the current day-to-day conditions, population counts, medical responses, or facility operations that the requested discovery targets.

Moreover, the date ranges Plaintiffs propose substantially exceed the periods the named Plaintiffs and declarants themselves allege. The Relevant Time Period begins June 1, 2026, and the Policy Period begins October 1, 2025. *See* ECF 32-1 at 4. The earliest detention any of them has claimed is July 25, 2026. Discovery into conditions and data from periods that none of the individuals before the Court claim to have experienced cannot inform any live claim. *See St. Jude Med.*, 2013 WL 1502184, at *1 (breadth of requested discovery is a core good-cause factor).

The refusal to identify John Doe, a named plaintiff, further supports denial. Defendants cannot confirm the most basic facts with respect to one of the two named Plaintiffs claiming detention experience, including: his identity; the precise dates he was held; or whether he was held at all at Miramar during the periods alleged. The same problem exists with respect to Jane Doe, a declarant whose statements Plaintiffs rely upon. Expedited discovery into facility-wide conditions is particularly inappropriate when Defendants have been denied the information necessary to investigate the claims of a named plaintiff and a key declarant. *See In re Chiquita*, 2015 WL 12601043, at *4 (need for the discovery must be weighed against prejudice to the responding party).

Because no class has been certified, the named Plaintiffs and declarants are no longer at Miramar, the proposed discovery reaches well beyond the periods they allege, and Plaintiffs have refused to identify a named plaintiff and a declarant, there is no live controversy supporting the extraordinary relief of expedited discovery. The Court should deny the motion as moot.

**B. Plaintiffs Have Not Shown Good Cause for Expedited Discovery.**

The ordinary sequence of discovery exists for a reason. It allows the parties to confer, identify the issues that are actually in dispute, and tailor discovery accordingly. Plaintiffs have not demonstrated that departure from that sequence is warranted here. *See* Fed. R. Civ. P. 26(d)(1); *St. Jude Med.*, 2013 WL 1502184, at *1.

A preliminary injunction hearing is prospective in nature. It focuses on the likelihood of future irreparable harm and the current state of affairs, not on a historical inquiry into past conditions that have already ended. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (preliminary injunction requires a showing of irreparable injury that is "likely" in the absence of relief); *Lyons*, 461 U.S. at 105–07 (past injury alone does not support prospective equitable relief). Plaintiffs' requested discovery is directed almost entirely at past acts and historical data population counts, length of stay records, medical events, executed documents, and communications from as early as June 1, 2026 and policies from October 1, 2025. That information is irrelevant to the prospective relief sought at the November 19 hearing. Only the current state of affairs at the Miramar Facility is relevant to whether prospective injunctive relief is warranted. Historical discovery into periods that predate, and have already ended for, the named Plaintiffs and declarants does not advance that inquiry and cannot establish good cause. *See St. Jude Med.*, 2013 WL 1502184, at *1.

What Plaintiffs label "limited expedited discovery" in the proposed order attached to their motion is in substance full merits discovery. The requests seek complete population and length-of-stay data for every person held since June 1, 2026, all governing policies and guidance since October 1, 2025, all executed removal related documents, communications of multiple custodians, two full facility inspections, and two depositions. See ECF 32-1 at 7-13. Courts reject requests for expedited discovery that are merely an attempt to obtain a head start on the merits. *See St. Jude Med.*, 2013 WL 1502184, at *1 (breadth of requested discovery is a core factor); *In re Chiquita*, 2015 WL 12601043, at *3–4. The breadth alone defeats good cause.

Plaintiffs' reliance on other hold room cases is misplaced. In those matters (including *Moreno Gonzalez v. Noem*, No. 1:25-cv-13323 (N.D. Ill. filed Oct. 30, 2025) and *D.N.N. v. Baker*, No. 1:25-cv-01613 (D. Md. filed May 20, 2025)), the plaintiffs or putative class members remained detained, the procedural posture differed, or the discovery authorized was narrower and tied to individuals still in custody. Here, no class has been certified, the named Plaintiffs and declarants are no longer at Miramar, the preliminary injunction record is already developed, and Plaintiffs seek far broader historical discovery. Those cases do not support the relief requested.

The preliminary injunction hearing is already set for November 19th, less than one week from today. Plaintiffs have already submitted declarations and other evidence in support of their motion (ECF 6 and supporting papers). Defendants have filed a response with supporting declarations (ECF 29). The record before the Court for the November 19th hearing is therefore already developed. Additional discovery of the scope proposed cannot realistically be completed, reviewed, and incorporated in a way that assists the Court before that hearing. A seven-day response deadline, followed by production, two site inspections on 24 hours' notice, and two depositions, is not feasible in the remaining time and would disrupt the hearing schedule the Court

has already set. *See St. Jude Med.*, 2013 WL 1502184, at *1 (considering how far in advance of normal discovery the request is made and the burden of compliance); *Ghaffari*, 2013 WL 12141254, at *1 (good cause requires "some impelling urgency").

Moreover, much of the information Plaintiffs seek concerns operational data and records that ICE maintains in the ordinary course. Plaintiffs have not shown that this information is unavailable through ordinary-course discovery after a Fed. R. Civ. P. 26(f) conference, or that it is necessary to resolve the preliminary injunction motion that is already fully briefed in the current record. The fact that a preliminary injunction motion is pending does not automatically justify broad early discovery; the discovery must still be necessary and proportional to the issues that will be decided at the hearing. *See St. Jude Med.*, 2013 WL 1502184, at *1 (pending preliminary injunction motion is only one factor); *In re Chiquita*, 2015 WL 12601043, at *3–4.

Plaintiffs' refusal to identify John Doe, a named plaintiff, and Jane Doe, a declarant, independently defeats good cause. Expedited discovery is an exception to the normal sequence of litigation. It is not available to a party that has withheld basic identifying information about a named plaintiff and a key declarant and thereby prevented the opposing party from investigating the very claims the discovery is supposedly needed to support. Defendants have had no opportunity to locate John Doe or Jane Doe in their systems, verify their alleged dates of detention, or assess the accuracy of the statements made on their behalf. Ordering broad, expedited discovery under those circumstances would be inequitable and would reward Plaintiffs' refusal to provide information that is uniquely within their control. *See In re Chiquita*, 2015 WL 12601043, at *4 (prejudice to the responding party must be weighed).

The date range mismatch further undermines any claim of good cause. Expedited discovery is justified only when it is necessary to address a live dispute concerning the parties actually before

the Court. Here, Plaintiffs ask the Court to authorize discovery covering more than a month before the earliest alleged detention of any named Plaintiff or declarant, and even earlier for policies. That information is irrelevant to the experiences of the only individuals who have submitted evidence in this case. It is not needed to adjudicate the preliminary injunction motion already set for hearing on the existing record. *See St. Jude Med.*, 2013 WL 1502184, at *1 (breadth of discovery is a critical factor).

**C. The Proposed Discovery Is Disproportionate to the Needs of the Preliminary-Injunction Proceedings and Would Impose Substantial Burdens on Defendants.**

Plaintiffs argue that production would impose little burden because ICE maintains many of the records in the ordinary course of business (ECF No. 32 at 7) and covers one facility (ECF No. 32 at 6). Existing records still must be located, reviewed for responsive information, screened for private detainee information and privileged material, and prepared for production. Plaintiffs seek records concerning nonparties, camera coverage, facility operations, and supervisory communications, all within seven days. (ECF No. 32-1 at 7–10). Defendants submit that the breadth of those requests and the short deadline weigh against expedited discovery under Rule 26(b)(1).

*1. Plaintiffs Have Not Justified Two Inspections of an Operating Federal Facility.*

Plaintiffs seek two four-hour inspections, one of which would begin between 8:00 p.m. and 11:00 p.m., with as little as twenty-four hours' notice. Their proposal would allow four attorneys, two experts, an interpreter, and a photographer to enter processing and confinement areas, take measurements and recordings, examine on-site records, and speak privately with detainees. (ECF No. 32-1 at 12–13). Plaintiffs have not shown why the Court needs two inspections before the hearing rather than declarations, existing photographs, targeted measurements, or one limited

inspection. The procedures in *Moreno Gonzalez* were agreed to by the parties; they do not establish a right to the inspections requested here. (ECF No. 32-2 at 1).

*2. Plaintiffs Have Not Shown Why Two Depositions Are Necessary.*

Plaintiffs request a four-hour Rule 30(b)(6) deposition on six topics, including staffing, policies, logs, capacity, attorney access, and removal documents. Plaintiffs also request a three-hour deposition of the facility's day-to-day supervisor. (ECF No. 32-1 at 13). Those topics overlap with the written requests. (ECF No. 32-1 at 7–12). Cata addresses the facility's classification, conditions, attorney access, voluntary-departure forms, and length of detention. (ECF No. 29-1 at 2–4, ¶¶ 4–5, 9–12, 15–28). Defendants recognize that depositions permit questioning that declarations do not. Plaintiffs nevertheless have not identified why both depositions are needed before the preliminary-injunction hearing. Further, the minimum reasonable notice period for scheduling depositions under Local Rule 26.1(H) is seven days, which does not allow sufficient time for the requested depositions before the November 19th hearing.

*3. Document Production and Preservation Require Distinct, Narrower Treatment.*

Plaintiffs seek removal-related documents for nonparties and communications involving supervisory personnel. Those requests require review for private information, confidentiality, and privilege. (ECF No. 32-1 at 9–10). Plaintiffs also seek an order suspending routine overwriting of surveillance footage. (ECF No. 32 at 9). Defendants recognize their duty to take reasonable steps to preserve relevant evidence. The Court should address preservation separately from production and limit any preservation order to footage that has been identified as relevant, taking account of the record concerning routine retention practices and the burden of preserving it.

**D. Privacy, Privilege, and Operational Concerns Counsel Against the Requested Order.**

Much of the requested material is subject to the Privacy Act, law-enforcement privileges, and operational-security considerations. Plaintiffs' proposed order contemplates production under a protective order that has not yet been entered (a separate motion for a protective order is pending). Ordering production of detainee records, executed removal documents, medical data, and facility video before the parties have conferred on a protective order and before Defendants have had a meaningful opportunity to assert privileges creates unnecessary risk of improper disclosure. These concerns further weigh against granting the motion in its current form. *See* Fed. R. Civ. P. 26(c); *In re Chiquita*, 2015 WL 12601043, at *4 (prejudice to the responding party must be considered).

Plaintiffs' position on privacy is also inconsistent. While they assert privacy concerns and seek protective orders to shield their own identities and information, the discovery they request shows little regard for the privacy interests of other detainees or of the officers who work at the facility. Plaintiffs seek surveillance video, photographs and video recordings during site inspections, population and medical data, executed removal documents, the opportunity to speak with detainees on site, and depositions of supervisory officers. These requests would expose sensitive personal information of individuals who are not parties and who have not consented to disclosure, and would also invade the privacy and operational security of officers performing their duties. This hypocrisy undermines any claim that the requested discovery is appropriately limited or that privacy concerns can be adequately addressed on the compressed schedule Plaintiffs propose. *See St. Jude Med.*, 2013 WL 1502184, at *1 (breadth of discovery is a key factor).

### E. Discovery Should Proceed in the Ordinary Course and Only After Identification of John Doe and Jane Doe.

The blanket authorization and compressed timelines Plaintiffs request are not warranted. *See* Fed. R. Civ. P. 26(d)(1); *Ghaffari*, 2013 WL 12141254, at *1. If the Court determines that some limited discovery is appropriate before the preliminary injunction hearing, it should be far

narrower than what Plaintiffs propose; should be subject to a realistic schedule; and should be conditioned on Plaintiffs first identifying John Doe (the named plaintiff) and Jane Doe (the declarant). Defendants cannot meaningfully investigate or respond to the claims of a named plaintiff or a key declarant without that basic information. At a minimum, the parties should be directed to confer promptly under Fed. R. Civ. P. 26(f) so that any discovery can be focused on the actual issues in dispute. The Court can also consider limited, targeted requests after the November 19 hearing if it determines that additional information is needed for any further proceedings.

F. **Alternatively, Any Expedited Discovery Should Be Limited to Discrete Factual Issues That Cannot Adequately Be Resolved Through the Existing Record.**

The Court should limit any expedited discovery to identified facts needed for the preliminary-injunction hearing and avoid requiring the same information through multiple methods. Defendants offer to answer Interrogatories 1, 3, 4, and 7 (ECF No. 32-1 at 11–12) by November 18, 2026, subject to confirmation of scope and appropriate protections. Defendants will also confer on a protective order. Those interrogatories concern agency responsibilities, facility classification, attorney communications, and supervisory personnel. (Id. at 11–12). Defendants do not contend that those responses resolve every factual dispute. They provide a narrower means of obtaining information before the hearing.

The AFOD Cata Declaration already addresses the facility's classification and governing directive (ECF No. 29-1 at 2, ¶¶ 4–5), space and basic provisions (id. at 2–3, ¶¶ 8–12), access to counsel (id. at 3, ¶¶ 15–20), and detention duration (id. at 3–4, ¶¶ 24–29). Those statements do not provide numerical occupancy or length-of-stay summaries. The Court could therefore direct a focused supplemental declaration on those subjects if it determines that the existing record is

insufficient. Such relief would address the identified evidentiary questions without requiring two inspections, two depositions, and broad production of individual detainee files.

## IV. CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Motion for Expedited Discovery (ECF No. 32). Alternatively, Defendants request that the Court authorize only narrowly tailored discovery shown to be warranted by the preliminary-injunction issues and answers to those interrogatories Defendants have agreed to respond to, with reasonable deadlines and appropriate confidentiality and operational protections.

Respectfully submitted,

YARA LORENZO KLUKAS
ACTING UNITED STATES ATTORNEY

By: s/ William E. Bestani
William E. Bestani
ASSISTANT U.S. ATTORNEY
Special Bar ID No.: A5503601
United States Attorney's Office
99 N.E. 4th Street, Suite 354
Miami, Florida 33132
Telephone: 305-961-9001
E-mail: William.Bestani@usdoj.gov

By: s/ *Keyla E. Rodriguez*
Keyla E. Rodriguez
ASSISTANT U.S. ATTORNEY
Florida Bar: 1044352
United States Attorney's Office
99 N.E. 4th Street, Suite 328
Miami, Florida 33132
Telephone: 305-798-3849
E-mail: Keyla.Rodriguez@usdoj.gov