**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ORLANDO ROSALES SALMERON, et. al.,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, et. al.,

*Defendants*.

Civil Action No. 1:26-cv-26911-BB

Judge Beth Bloom

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants oppose Plaintiffs' Motion for Entry of Protective Order (ECF 36) and the proposed order attached as Exhibit A. *See* Mot. for Entry of Protective Order, Ex. A, ECF No. 36-1. The motion is premature. The proposed order assumes the resolution of issues that remain pending before the Court, rests on unsupported allegations, and seeks restrictions that are unnecessary in light of existing statutory protections and the current posture of the case. Plaintiffs have not shown that comparable cases adopted the specific non-use restrictions, limited personnel requirements, or broad identity protection definitions they now seek. The burden is on them to establish good cause for those terms on this record. The motion should be denied. In the alternative, if the Court determines that a protective order is appropriate at this stage, Defendants respectfully request that the Court enter the proposed order attached as Exhibit A to this response, which is limited to ordinary terms.

## I. BACKGROUND

Plaintiffs seek entry of a detailed Privacy Act and Protective Order. The proposed order creates a special category of "Protected Identity Information," limits the agency personnel who may receive identifying information, requires certifications restricting those personnel's participation in ordinary immigration functions, and prohibits Defendants from using information obtained in this litigation for detention, transfer, removal, investigation, or enforcement purposes. *See* ECF 36-1 ¶¶ 1(f), 7, 8.

Plaintiffs' motions to proceed under pseudonym remain pending. No class has been certified. The named Plaintiffs and the individuals who submitted declarations in support of the preliminary injunction motion are no longer detained at the Miramar Facility. *See* Decl. of Angel A. Cata ¶ 29 (ECF 29-1).

## II. LEGAL STANDARD

Rule 26(c) permits a court, for good cause, to issue an order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Good cause requires a particular and specific demonstration of fact, not stereotyped or conclusory statements. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). The court must balance the requesting party's need for protection against the opposing party's interest in obtaining the information. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). A protective order is not warranted where existing law already supplies the relevant protections and the moving party has not shown, after balancing the relevant interests, that those protections are inadequate under the circumstances of the case. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). The burden of establishing good cause rests on the party seeking the order.

## III. ARGUMENT

**A. The Motion Is Premature.**

The motion is premature. First, Plaintiffs' motions to proceed under pseudonym have not been decided. Defendants have opposed those motions. The proposed order nonetheless treats pseudonym status as established. It defines "Protected Identity Information" to include persons "whom the Court has permitted to proceed in this Action under a pseudonym, or who has moved for that leave and has not been denied it," and then builds disclosure and non-use restrictions around that status. ECF 36-1 ¶ 1(f). Plaintiffs have not identified any specific discovery request that would require the protections they seek, nor have they shown that the ordinary protections already available under the Federal Rules and the Privacy Act are inadequate under the circumstances of this case. Absent that particularized showing of good cause, and while the question of anonymity remains unresolved, the protective order should be denied. *See* Fed. R. Civ. P. 26(c); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Second, no class has been certified, and the named Plaintiffs and declarants are no longer detained at the Miramar Facility. *See* Cata Decl. ¶ 29 (ECF 29-1). The protective order Plaintiffs propose is framed around the supposed need to protect currently detained class members and witnesses from retaliation at that facility. That premise does not exist on the current record.

**B. Plaintiffs Have Not Shown That Existing Statutory Protections Are Inadequate.**

Much of the protection Plaintiffs seek is already supplied by statute and regulation. The Privacy Act restricts disclosure of covered records. 5 U.S.C. § 552a. Immigration confidentiality provisions limit disclosure of certain asylum related and other protected information. 8 U.S.C. § 1367; 8 C.F.R. §§ 208.6, 1208.6. HIPAA regulations already govern the disclosure of protected health information in judicial proceedings. Plaintiffs have not demonstrated that these existing protections are insufficient for the materials at issue or that a broad protective order is required to

fill a gap. *See Farnsworth*, 758 F.2d at 1547. Ordinary discovery rules, including Fed. R. Civ. P. 26(c), remain available if a specific dispute arises. Plaintiffs have not shown that those tools, together with the statutes already in place, are inadequate under the circumstances of this case.

**C. Plaintiffs Have Not Shown Good Cause Based on Retaliation.**

Conclusory assertions of fear are insufficient to establish good cause for the extraordinary restrictions Plaintiffs propose. *See Chi. Tribune*, 263 F.3d at 1313-1314. Plaintiffs justify the most restrictive provisions of the proposed order by asserting a risk of retaliation. They have not carried their burden. There is no evidence of retaliation against the named plaintiffs or declarants. The actions Plaintiffs cite are ordinary law enforcement consequences of unlawful conduct, not retaliation for participation in this lawsuit. Defendants do not agree that any retaliation has occurred or that any ongoing risk of retaliation exists.

**D. The Proposed Use Restrictions and Identity-Sharing Limitations Are Overbroad and Unnecessary.**

Paragraph 8 of the proposed order provides that Protected Identity Information and material produced by Plaintiffs or by detained witnesses "may not be used in removal, custody, or benefits proceedings; to initiate or support an investigation or enforcement action; in public statements; or as the basis for any adverse action." ECF 36-1 ¶ 8(b). The proposed order further limits disclosure of identifying information to a small number of designated personnel who must sign restrictive certifications. *Id*. ¶ 7.

These restrictions exceed ordinary litigation only use limitations and attempt to create a wall between information obtained in this case and Defendants' statutory responsibility to administer and enforce the immigration laws. *See* 8 U.S.C. §§ 1226, 1231. They are unnecessary in light of the existing statutory protections discussed above and are not justified by good cause on the current record. *See In re Alexander Grant*, 820 F.2d at 356.

Plaintiffs have cited other hold room and conditions cases in support of their motion, but they have not shown that those cases adopted the specific non-use restrictions, limited personnel requirements, or broad "Protected Identity Information" definitions contained in their proposed order. The burden remains on Plaintiffs to establish good cause for those terms on the record in this case. They have not done so.

**IV. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Entry of Protective Order (ECF 36). In the alternative, if the Court determines that a protective order is appropriate at this stage, Defendants respectfully request that the Court enter the proposed Privacy Act and Protective Order attached as Exhibit A to this response.

Respectfully submitted,

YARA LORENZO KLUKAS
ACTING UNITED STATES ATTORNEY

By: s/ *Keyla E. Rodriguez*
Keyla E. Rodriguez
ASSISTANT U.S. ATTORNEY
Florida Bar: 1044352
United States Attorney's Office
99 N.E. 4th Street, Suite 328
Miami, Florida 33132
Telephone: 305-798-3849
E-mail: Keyla.Rodriguez@usdoj.gov

By: s/ William E. Bestani
William E. Bestani
ASSISTANT U.S. ATTORNEY
Special Bar ID No.: A5503601
United States Attorney's Office
99 N.E. 4th Street, Suite 354
Miami, Florida 33132
Telephone: 305-961-9001
E-mail: William.Bestani@usdoj.gov