**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ORLANDO ROSALES SALMERON, et al.,

Plaintiffs,

v.

**Case No: 1:26-cv-26911-BB**
**Judge Bloom**

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, et al.,

Defendants.
_____________________________________/

# PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR EXPEDITED DISCOVERY

Defendants' request for outright denial cannot be squared with their own alternative. They argue the case is moot and the record developed, yet offer to answer four interrogatories by November 18, agree to confer on a protective order, propose a supplemental declaration on the very occupancy and length-of-stay figures they concede are missing, and accept "narrowly tailored discovery." ECF No. 42 at 7, 12–13. The dispute, therefore, is scope, not whether any discovery is warranted. These concessions provide a starting point for an expedited discovery order, not a basis to deny one.[1]

Recent declarations describe people sleeping beside exposed toilets, crowding so severe that not everyone can sit, inadequate food and water, unmet medical needs, and denied attorney access. ECF No. 41 at 7–10. Plaintiffs seek preliminary relief to prevent these harms from

---

[1] Defendants fault Plaintiffs for seeking conferral one day before filing but omit that defense counsel routinely requests a draft motion before conferring. Plaintiffs sought conferral once that draft was available. Defendants' criticism supplies no basis to deny expedited discovery.

continuing. Expedited discovery will permit the Court to test Defendants' contrary assurances, assess current practices, and formulate effective relief.

**I. Defendants' proposal confirms that limited discovery can proceed prior to hearing.**

Defendants repeatedly invoke the absence of a Rule 26(f) conference and the proximity of the November 19 hearing. Yet they offer four interrogatory answers by November 18—before either the conference or the hearing. ECF No. 42 at 12. Their proposal demonstrates that ordinary sequencing and the approaching hearing do not make all expedited discovery impracticable. Rule 26(d)(1) expressly permits discovery by court order before the Rule 26(f) conference. Defendants acknowledge that authority and the governing good-cause inquiry. *Id.* at 4. The question is, therefore, whether the requested discovery is sufficiently important and proportionate to warrant expedition.

Defendants' alternative proposal does not waive their objections. It does, however, identify relief the Court can implement now. The Court should require answers to Interrogatories 1, 3, 4, and 7 by November 18, resolve appropriate confidentiality protections, and determine the additional discovery needed on a request-specific basis. Possible difficulties with some requests do not explain why readily available, nonprivileged evidence should be withheld across the board.

**II. The offered interrogatories omit the evidence Defendants acknowledge is missing.**

Defendants concede that Cata's declaration does not provide "numerical occupancy or length-of-stay summaries." ECF No. 42 at 12. Those omissions concern *central* issues: how many people Miramar confines, in how much space, and for how long. Nevertheless, Defendants' offer excludes Interrogatory 2, which asks for room dimensions, rated capacity, toilet screening, sleeping surfaces, and maximum occupancy. ECF No. 32-1 at 11. Their offer also provides no commitment to produce the detention logs, population data, or physical-plant records sought in

Requests 2–4. *Id.* at 8. This information should be readily available. Defendants acknowledge that ICE maintains much of the requested operational data in the ordinary course. ECF No. 42 at 8.

The offered responses address agency responsibilities, facility classification, attorney communications, and supervisory personnel. ECF No. 42 at 12. They do not supply the objective evidence necessary to evaluate overcrowding and prolonged confinement. Nor do they address the removal-document procedures and alleged links between signatures and detention conditions covered by Interrogatories 5 and 6. ECF No. 32-1 at 11–12; *see also id.* at 9–10 (Requests for Production 9–10).

Defendants suggest a supplemental declaration as an alternative to inspections, depositions, and broad production. ECF No. 42 at 12–13. Such a declaration may assist, but underlying records would permit Plaintiffs to test its accuracy and completements

That distinction matters because the existing evidence conflicts. Plaintiffs' preliminary-injunction reply identifies four declarations describing late-October confinement, including overcrowding, inadequate sleeping arrangements, restricted attorney access, and pressure to sign removal-related documents. ECF No. 41 at 8–10. Completed briefing does not resolve those disputes. It identifies the subjects on which focused discovery is still needed.

**III. Defendants' objections do not justify denying otherwise warranted discovery.**

Defendants' mootness argument again overlooks the inherently transitory nature of the proposed class claims. Both named Plaintiffs were detained at Miramar when this action began, and Plaintiffs moved for class certification four days later. ECF No. 1 ¶¶ 27, 37; ECF No. 9. Short, uncertain stays and a continuing population subject to the challenged practices support relation back. *See Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975). In *County of Riverside v. McLaughlin*, the Supreme Court held that "[t]hat the class was not certified until after the named plaintiffs'

claims had become moot does not deprive us of jurisdiction," explaining that relation back preserves inherently transitory claims for judicial resolution. 500 U.S. 44, 52 (1991). The Eleventh Circuit likewise recognizes that, when the relation-back doctrine applies, certification relates back to the filing of the complaint. *Stein v. Buccaneers Ltd. Partnership*, 772 F.3d 698, 704–07 (11th Cir. 2014). Defendants' emphasis on the brevity of Miramar detention supports application of that doctrine; it does not establish mootness. Further, the requested discovery would directly test Defendants' mootness narrative by showing both how quickly individuals cycle through Miramar and whether the challenged conditions continue to affect people detained there.

Nor does *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011), establish that discovery must await class certification. The requirements for obtaining classwide relief are distinct from the availability of discovery necessary to adjudicate certification and preliminary relief. Indeed, Rule 26(d)(1) expressly authorizes discovery before the Rule 26(f) conference upon court order.

Defendants' temporal objection likewise does not justify blanket denial. Policies predating Plaintiffs' detention may still govern Miramar, and operational records can establish whether challenged practices persist, whether prolonged confinement is exceptional or routine, and whether asserted improvements have actually occurred. Both the Relevant Time Period and Policy Period extend through the response date. ECF No. 32-1 at 4. If particular requests reach further back than necessary for preliminary relief, the Court may narrow their temporal scope or sequence production rather than foreclose discovery of current conditions and practices.

Nor does the dispute over John Doe's and Jane Doe's identities justify withholding facility-wide evidence that does not depend on either identity. Plaintiffs' pseudonym motions remain pending. Although Defendants have a legitimate interest in investigating individual allegations,

any necessary disclosure of identifying information can be addressed through appropriate protective procedures. Defendants do not need either Doe's identity to produce room dimensions, aggregate occupancy and length-of-stay data, governing policies, or facility-wide attorney-access procedures. Those records exist independently of John and Jane Doe, and bear directly on the challenged practices and the preliminary relief sought.

**IV. Tailored procedures address Defendants' concerns without foreclosing discovery.**

Plaintiffs recognize that records require collection and review. Defendants' opposition, however, provides no quantified estimate of volume, collection time, or staffing demands. ECF No. 42 at 9–11. The appropriate response is to prioritize readily available records and address particular burdens, not assume that every requested category is equally difficult to produce.

An inspection also supplies evidence that written descriptions cannot: independent measurements and observations of sleeping space, toilet screening, water access, and telephone privacy. The daytime and evening inspections address different operating conditions. A daytime inspection can document the physical layout, toilet screening, water access, and telephone privacy. An evening inspection can show overnight sleeping conditions. The proposed procedures require compliance with reasonable security instructions and restricted treatment of images pending review. ECF No. 32-1 at 12–13. Courts have permitted comparable discovery in other hold-room cases. ECF No. 32 at 5-6.

Defendants acknowledge that depositions permit questioning unavailable through declarations. ECF No. 42 at 10. The Rule 30(b)(6) deposition addresses policies, systems, and records; the operational supervisor can explain actual implementation. ECF No. 32-1 at 13. The Court can limit duplicative testimony. Plaintiffs expressly requested shortened deposition-notice periods. ECF No. 32 at 9. Reliance on the ordinary notice period therefore does not answer the

requested relief. If prehearing depositions are impracticable, the Court can set prompt dates and permit appropriate supplementation.

Privacy concerns likewise support protection, not blanket denial. Exhibit 1 proposes attorneys'-eyes-only designation pending a protective order and redaction of specially protected information. ECF No. 32-1 at 7. Plaintiffs request court-authorized disclosure under 5 U.S.C. § 552a(b)(11), together with interim confidentiality restrictions. Specific privileges remain available for particular materials.

Finally, preservation should proceed immediately and separately from production. Defendants acknowledge their preservation duty. ECF No. 42 at 10. The requested order identifies relevant footage and temporarily suspends overwriting of confinement-area cameras through the hearing. Production disputes should not result in the loss of the evidence being disputed. Any specific preservation burden can be addressed without allowing production disputes to result in the loss of relevant evidence.

## CONCLUSION

Plaintiffs request that the Court grant their motion. At minimum, the Court should: (1) require verified answers to the four interrogatories by November 18; (2) require expedited responses to Interrogatories 2, 5, and 6 and rolling production prioritizing occupancy and detention-duration records, physical-plant information, operative policies, attorney-access records, and removal-document procedures; (3) authorize inspections and limited deposition testimony on an expedited, court-approved schedule; and (4) immediately impose confidentiality and preservation protections.

If completing every requested procedure before November 19 is impracticable, the Court should order what can reasonably be completed and set prompt dates for the remainder, without

postponing the scheduled hearing. Defendants' own proposal supplies the starting point. The acknowledged evidentiary gaps explain why additional targeted discovery is needed.

Date: November 17, 2026

Respectfully submitted,

/s/ **Paul R. Chavez** (FL Bar No. 1021395)
pchavez@aijustice.org
**Jennifer Smith** (FL Bar No. 964514)
jsmith@aijustice.org
AMERICANS FOR IMMIGRANT JUSTICE
P.O. Box No 520037 2200 NW 72nd Ave.
Miami, FL 33152
Phone: 305-573-1106
Attorneys for Plaintiffs

/s/ **Anne Janet Anderson** (FL Bar No. 18092)
annejanet.hernandez@splcenter.org
**Maite Garcia** (FL Bar No. 99770)
maite.garcia@splcenter.org
**Andrew Udelsman** (FL Bar No. 1051696)
andrew.udelsman@splcenter.org
**Jeanette Ynfante**
jeanette.ynfante@splcenter.org
**Courtney O'Donnell**
courtney.odonnell@splcenter.org
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037 Miami, FL 33137
Phone: 305-537-0589
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on November 17, 2026, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing will be timely emailed to Keyla Rodriguez, Esq., Keyla.Rodriguez@usdoj.gov, the attorney whom Defendants have indicated is representing them in this case.

/s/ Paul R. Chavez
Paul R. Chavez