**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-26911-BLOOM**

ORLANDO ROSALES SALMERON and JOHN DOE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID J. VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS D. CHARLES, in his official capacity as Executive Associate Director for Enforcement and Removal Operations; MATTHEW ELLISTON, in his official capacity as Field Office Director, ICE Enforcement and Removal Operations, Miami Field Office; RODNEY SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTIOND,

Defendants.
______________________________/

## OMNIBUS ORDER DENYING MOTIONS TO PROCEED UNDER PSEUDONYMS

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Leave for Plaintiff to Proceed under Pseudonym, ECF No. [18]; and Plaintiffs' Motion for Leave for Declarant to Proceed under Pseudonym, ECF No. [19] (collectively, "Motions"). Defendants filed a Response, ECF No. [27], to which Plaintiffs filed a Reply, ECF No. [31]. The Court has reviewed the Motions, the Response, the Reply, the record, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

## I. BACKGROUND

On October 2, 2026, Plaintiffs Orlando Salmeron and John Doe filed this Class Action Complaint for Declaratory and Injunctive Relief challenging the conditions of confinement and access to counsel at the Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") location at 2805 SW 145th Avenue, Miramar, Florida 33027 (the "Miramar Facility"). ECF No. [1].

Plaintiff John Doe is a noncitizen previously detained at the Miramar Facility, and he remains in immigration detention. ECF No. [18] at 2. Plaintiff John Doe is neither a U.S. citizen nor a lawful permanent resident, and he is in removal proceedings. *Id.* Plaintiff John Doe is concerned that revealing his identity publicly could negatively impact his case, expose him to retaliation, and heighten the danger he faces in his country of origin. *Id*. He has no criminal history and had never been arrested or detained previously. *Id*. He wants to proceed anonymously because he is afraid of ICE, particularly given that he remains in ICE custody, and fears retaliation, physical harm, social stigma, and harassment due to his immigration status if his identity is revealed. *Id*. He is also concerned that public identification would harm his family. *Id*.

In Plaintiffs' Expedited Motion for a Temporary Restraining Order and Preliminary Injunction, Plaintiffs filed Declarations from individuals who were detained at the Miramar Facility, including one from Declarant Jane Doe. *See* ECF No. [6-9]. Declarant Jane Doe is a noncitizen previously detained at the Miramar Facility, and she remains in immigration detention. ECF No. [19] at 2. She has pending immigration proceedings. *Id.* She is "afraid that ICE may retaliate against [her] or otherwise use [her] participation in this case against [her]." ECF No. [6-9] ¶ 1.

In the Motions, Plaintiffs seek Plaintiff John Doe and Declarant Jane Doe to proceed under the pseudonyms "John Doe" and "Jane Doe." ECF Nos. [18]; [19].

## II. LEGAL STANDARD

Generally, parties to a lawsuit must identify themselves in their respective pleadings. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir.1979).[1] A complaint "must name all the parties" the names of all the parties." Fed. R. Civ. P. 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992).

"The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id*. at 323 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). This is a "narrow exception" that only applies in "exceptional cases." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (internal citation omitted and alteration adopted). "Whether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question." *Id*. at 1247 n.5.

For a non-party declarant, "[t]he common law right of access may be overcome by a showing of good cause, which requires 'balance[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

## III. DISCUSSION

### A. Plaintiff John Doe

Plaintiff John Doe argues that his substantial privacy interest in proceeding under a pseudonym outweighs the presumption of judicial openness because he is challenging government activity, he would be compelled to disclose information of the utmost intimacy, and he could face threats of violence or physical harm if forced to reveal his identity. ECF No. [18] at 5-9. Plaintiff John Doe asserts that his request to proceed by pseudonym poses no threat of fundamental unfairness to Defendants and protecting his identity will not impair public understanding of the full facts surrounding this case. *Id.* at 9-10.

Defendants respond that challenging government activity alone is not dispositive, immigration status and conditions of confinement is not information of the utmost intimacy, generalized fears of retaliation are insufficient, anonymity would prejudice Defendants and impair the public interest, and Plaintiffs' decision to proceed as a putative class action undercuts the request for anonymity. ECF No. [27] at 3-6.

Plaintiff John Doe has not established "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 322 (citing *Stegall*, 653 F.2d at 186). *First,* Plaintiff John Doe's challenge to government activity is not sufficient for Plaintiff to meet his burden. *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 686 (11th Cir. 2001). ("[N]o published opinion that we are aware of has ever permitted a plaintiff to proceed anonymously merely because the complaint challenged government activity.").

*Second*, Plaintiff's immigration status and physical conditions experienced at the Miramar Facility do not raise the same privacy concerns as the information at issue when the "utmost intimacy" exception has been applied. The "information of the utmost intimacy" has been applied in cases involving issues such as abortion, *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir.2001), prayer and personal religious beliefs, *Stegall*, 653 F.2d at 186, mental illness, *Doe v. Colautti*, 592 F.2d 704 (3d Cir.1979), sexual orientation, *Doe v. Commonwealth's Attorney for Richmond*, 403 F. Supp. 1199 (E.D.Va. 1975), *aff'd*, 425 U.S. 901 (1976), and gender identity, *Doe v. McConn*, 489 F. Supp. 76 (S.D.Tex. 1980).

*Third*, Plaintiff John Doe's generalized fears of retaliation are insufficient to show that he faces threats of violence or physical harm if he proceeds by his own name. *Chiquita Brands,* 965 F.3d at 1351 ("The appellants' 'generalized, subjective assertions of fear' were simply not 'the kind of risk of physical or other injury' required to treat them differently than other plaintiffs."). Plaintiff John Doe points out that "ICE routinely publicizes the names and images of people it arrests in Florida and labels them 'criminal illegal aliens.'" ECF No. [18] at 8. Plaintiff John Doe, however, "has no criminal history and had never been arrested or detained previously." *Id*. at 2.

Therefore, Plaintiff John Doe has failed to show that his right to privacy overcomes the presumption of judicial openness. Accordingly, the Court finds that Plaintiff John Doe may not proceed anonymously, as this is a "narrow exception" that only applies in "exceptional cases." *Chiquita Brands.* 965 F.3d at 1247 (internal citation omitted and alteration adopted).

**B. Declarant Jane Doe**

Plaintiffs argue that Declarant Jane Doe "can overcome the public's right of access through a showing of good cause that protecting her identity outweighs that right." ECF No. [19] at 4. Plaintiffs assert that "[g]ood cause exists in this case because [Declarant Jane Doe] has a

reasonable fear 'that ICE may retaliate against [her] or otherwise use [her] participation in this case against [her].'" *Id.* (citing ECF No. 6-9 ¶ 1). Plaintiffs contend the Court should order that Declarant Jane Doe be allowed to proceed under a pseudonym given her plausible fear of retaliation and the fact that she remains in ICE custody with a pending immigration case. *Id.* at 7. Defendants respond that Declarant Jane Doe has not shown good cause to overcome the common-law right of access. ECF No. [27] at 6-7.

Plaintiffs have not shown good cause to permit Declarant Jane Doe to proceed under a pseudonym. Declarant Jane Doe's generalized fear of retaliation from ICE does not show an individualized need to conceal her identity from the public. *See Chiquita Brands,* 965 F.3d at 1351. Plaintiffs cite to *Oldaker v. Giles*, No. 7:20-cv-00224-WLS (M.D. Ga. Nov. 24, 2020), where the court found good cause to seal the non-party declarations, and that the "personally identifying information should be restricted given the declarators' plausible fear of retaliation." ECF No. [19-1] at 2. In *Oldaker,* the petitioner raised First Amendment retaliation arguments against the respondents, *see id.*, unlike Plaintiffs, whose claims concern the conditions of confinement at the Miramar Facility and not that Defendants have unconstitutionally retaliated against their detainees in violation of the First Amendment. Balancing "the asserted right of access" against the Plaintiffs' "interest in keeping the information confidential," the Court finds that Plaintiffs have not shown a legitimate interest in keeping Declarant Jane Doe's name confidential, and that Declarant Jane Doe may not proceed anonymously. *See Romero*, 480 F.3d at 1246.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Leave for Plaintiff to Proceed under Pseudonym, **ECF No. [18]**, is **DENIED**.

2. Plaintiffs' Motion for Leave for Declarant to Proceed under Pseudonym, **ECF No. [19]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record